Carlton MIXON and Evelyn MIXON *v.*
CHRYSLER CORPORATION; C. B. JELKS and
Harold JELKS, d/b/a JONESBORO MOTOR COMPANY

83-221                                    663 S.W.2d 713

Supreme Court of Arkansas
Opinion delivered January 16, 1984
[Rehearing denied February 21, 1984.*]

*DUDLEY and HOLLINGSWORTH, JJ., not participating.

*Lambert & Brown,* by: *Don R. Brown* and *Stewart K. Lambert,* for appellants.

*Davis, Cox & Wright,* by: *Constance G. Clark,* for appellee Chrysler Corporation.

*Barrett, Wheatley, Smith & Deacon,* for appellees C. B. Jelks and Harold Jelks, d/b/a Jonesboro Motor Company.

JOHN I. PURTLE, Justice. On April 8, 1983, the trial court entered an order granting appellees' motion for summary judgment. The trial court found that there was no genuine

issue of any material fact and also found that answers to appellants' outstanding interrogatories to appellee Chrysler could have no bearing on the motion for summary judgment.

For their appeal the appellants argue that there was a genuine issue of fact and that the court erred in denying appellants' motion to compel discovery. We do not agree with appellants on either argument.

On December 19, 1977, Carlton Mixon was driving his 1976 Plymouth Volare automobile along Arkansas highway 58, with his wife, Evelyn Mixon, as a passenger, when he became unable to control the vehicle. It crashed down an embankment, thereby damaging the vehicle beyond repair and inflicting injuries upon both appellants. The vehicle was purchased new from Jonesboro Motor Company in February, 1976. At the time of the occurrence the odometer reading was approximately 30,000 miles. There had been no repairs to the steering mechanism nor had it been found defective. After the occurrence the brakes were inspected by representatives of the appellants and by their collision insurance carrier. No defect was discovered. Therefore, no notice was given to either appellee. By the time appellants sought to inspect the steering mechanism the wreckage had been disposed of.

Appellants filed a complaint against the appellees on July 16, 1979. The complaint alleged: 1) negligent design or manufacture; 2) breach of implied warranties; 3) failure to properly prepare and inspect prior to delivery; and 4) *res ipsa loquitur*. Appellants submitted interrogatories to Chrysler February 3, 1983. Chrysler filed a motion for summary judgment on February 15, 1983. Subsequently the other appellees filed a motion for summary judgment. On March 23, 1983, appellants' motion to compel discovery was filed. Summary judgment in favor of both appellees was entered on April 8, 1983, and in the same order the court refused to compel Chrysler to answer interrogatories on the ground that the answers would have no bearing on the case.

Were there genuine issues of any material fact to be

determined? This is the test to be used in considering summary judgments. *Leigh Winham, Inc.* v. *Reynolds Ins. Agency,* 279 Ark. 317, 651 S.W.2d 74 (1983). The proof must be considered in the light most favorable to the party opposing the motion for summary judgment. *Talley* v. *MFA Mutual Ins. Co.,* 273 Ark. 269, 620 S.W.2d 260 (1981). In the present case the vehicle is not available for inspection or testing. No tests were performed on the steering mechanism prior to destruction of the salvaged vehicle. Appellants made no complaint and had no services performed on the steering system during the 21 months after it was purchased. Appellants have not submitted, by affidavit or otherwise, any evidence that the steering system was defective at any time, much less at the time of delivery. The doctrine of strict product liability, which has been accepted in Arkansas, does not relieve the proponent of a defective product claim from the burden of proof as to the existence of a defect. *Southern Co.* v. *Graham Drive-In,* 271 Ark. 223, 607 S.W.2d 677 (1980). Strict liability eliminates the need to show both privity and negligence. But a plaintiff still must prove injury and that it was caused by the product. The possibility that the product may have been defective is not enough. The proponent of a products liability claim must produce evidence from which the trier of fact may reasonably conclude that it is more probable than not that the injury resulted from a defective product. *Southern Co., supra.*

It is not necessary that a plaintiff prove the defect by direct proof. However, in the absence of direct proof the plaintiff must negate other possible causes of the injury, thereby raising a reasonable inference that the injury was caused by a defective product. Furthermore, it must be proven that the product was defective while it was still in the control of the defendant. *Cockman* v. *Welder's Supply Co.,* 265 Ark. 612, 580 S.W.2d 455 (1979). It is true that supporting affidavits against the motion for summary judgment stated none of the affiants, or others known to have had access to the vehicle, repaired, adjusted or otherwise tampered with the steering system. These affidavits do not negate slick roads, speed, driver control, normal wear and tear or other possible causes as the proximate cause of appellants' injuries. There was no allegation of a specific defect and

certainly no evidence to support such a theory. *Res ipsa loquitur* simply does not apply in this case. *Ford Motor Co. v. Fish,* 232 Ark. 270, 335 S.W.2d 713 (1960). We do not find that the summary judgment was entered in error.

The only serious question presented in this case is whether the court erred in denying appellants' motion to compel discovery. The suit was filed on July 16, 1979. The interrogatories were submitted to Chrysler on February 3, 1983. No prior discovery attempts were made by the appellants. The interrogatories attempted to obtain information about a factory recall of this vehicle. The recall notice stated that a possible defect in a frame support plate might exist and such defect could affect directional control "particularly during heavy braking." The appellant driver had previously stated in a deposition that he did not apply the brakes at all. The requested interrogatories were stated in terms such as "could affect," "could result," "may have been" and "may have caused." These interrogatories, regardless of the answers, would not have produced evidence of sufficient force to remove the case from the realm of speculation and conjecture. There being no specific finding of fact, and no request for such, we presume the court overruled the request to compel discovery because the interrogatories were onerous, unreasonably burdensome, cumulative or immaterial, or for other valid reason. We are unable to declare the trial court clearly erroneous in ruling the answers to the interrogatories would not change the status of the litigation.

Affirmed.

HAYS, J., dissents.

DUDLEY and HOLLINGSWORTH, JJ., not participating.

STEELE HAYS, Justice, dissenting. I fail to see how we can sustain a summary dismissal of appellants' cause of action when interrogatories to the appellees have not been answered. Whether the interrogatories would succeed in producing probative evidence can't be judged in the absence of responses and the appellants were entitled to have the benefit of that information before their claims are dismissed.