FIRST MARINE INSURANCE COMPANY v. Rickey BOOTH

93-1404                                    876 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered May 16, 1994
[Rehearing denied June 20, 1994.]

92

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Bruce Munson*, for appellant.

*Patton Law Office*, by: *Brady Paddock*, for appellee.

DAVID NEWBERN, Justice. The appellee, Rickey Booth, sued First Marine Insurance Company (First Marine), the appellant, and E-Z Mart. The claim resulted from damage to an outboard boat motor caused, Mr. Booth alleged, by defective gasoline purchased from E-Z Mart. His claim against First Marine, which insured the motor against casualty loss, was for a bad faith refusal to pay the claim. First Marine appeals from a judgment entered on the basis of a jury verdict awarding Mr. Booth damages on his bad faith claim and from the Trial Court's award of an attorney's fee to Mr. Booth. We hold the evidence was insufficient to support the bad faith verdict but that the attorney's fee was justified. We reduce the judgment against First Marine by subtracting the bad faith award and affirm the judgment as modified.

In addition to his recovery against First Marine, Mr. Booth was awarded $4,539.52 against E-Z Mart, which was the full amount he had demanded as the cost of repair of the motor. The jury found that First Marine breached its contract of insurance by failure to pay Mr. Booth's claim against it. Damages of $5,000 were assessed against First Marine. The Trial Court reduced that award to $460.48 by subtracting the $4,539.52 recovered against E-Z Mart to avoid double recovery. The jury's award against First Marine for bad faith was $2,500. The Trial Court entered a judgment for those amounts and added a $2,500 attorney's fee.

On First Marine's motion the Trial Court reduced the judgment $250 which was the amount of the policy deductible and $44 representing a portion of the repair estimate not attributable to the alleged negligence of E-Z Mart.

Mr. Booth testified that on July 18, 1991, he purchased

approximately twenty-six gallons of gasoline for his motorboat from the E-Z Mart in DeQueen. He immediately experienced problems starting and running the motor. He later added approximately eighteen gallons of gasoline purchased from another store. A few days later he again took the boat out and noticed a loud noise coming from the motor. He took the motor in for repair and was told that the damage was probably caused by defective gasoline. He was given a repair estimate of $4,539.52.

Mr. Booth notified First Marine of his claim. Mr. Powell, a claims adjustor for First Marine, examined the motor and concluded the damage was caused by fuel contaminants. He told Mr. Booth the claim would be denied because the insurance contract excluded "damage caused by fuel additives."

Mr. Booth complained to the Arkansas Insurance Commission. A copy of a letter from Mr. Powell to the Commission was sent to Mr. Booth stating, "We have decided to give the insured the benefit of the doubt if concrete proof can be gained that the loss was due to contaminated gasoline." Mr. Booth then filed suit against E-Z Mart and First Marine.

The Trial Court denied First Marine's motions for directed verdict. The jury returned its verdict in favor of Mr. Booth, and First Marine moved to have it set aside on the ground that the jury improperly awarded more than the amount claimed, ignored the policy deductible, and failed to calculate depreciation in reaching the amount awarded. First Marine also asked that the attorney's fee award be set aside. The Trial Court denied the motion but modified the judgment to take into account the $250 deductible and the unrelated repair bill of $44.

First Marine moved for a judgment notwithstanding the verdict or in the alternative a new trial. First Marine contended the jury finding of bad faith was not supported by substantial evidence or that it was clearly contrary to the preponderance of the evidence.

### 1. Sufficiency of the evidence

First Marine contends the jury was not presented with sufficient evidence to justify a finding of bad faith. In support of this contention First Marine points to the trial testimony which con-

flicted as to whether or not the damage was caused by defective gasoline. First Marine also claims that the fuel additive exclusion in the insurance contract shows that the dispute was based on an honest, good faith disagreement as to the contract's correct interpretation.

In reviewing a trial court's refusal to set aside a jury verdict, this Court must view the evidence in the light most favorable to the party against whom the motion was made and must affirm if there is any substantial evidence to support the verdict. *See Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 817 S.W.2d 873 (1991). As well, when the Trial Court denies a motion for a new trial on the ground that the verdict was not clearly contrary to the preponderance of the evidence, the test on appeal is whether there is substantial evidence to support the jury verdict. Substantial evidence is that evidence which is of sufficient force and character to compel a conclusion one way or another. It must force the mind to pass beyond suspicion or conjecture. *Rathbun* v. *Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993).

To be liable for bad faith the insurer must engage in affirmative misconduct, without a good faith defense, in a malicious, dishonest, or oppressive attempt to avoid liability. *Stevenson* v. *Union Standard Ins. Co.*, 294 Ark. 651, 746 S.W.2d 39 (1988). Malice is that state of mind characterized by hatred, ill will, or a spirit of revenge. Malice may be inferred from conduct and surrounding circumstances. *Id.*

Mr. Booth's displeasure resulting from First Marine's adjuster having first told him of his conclusion that defective gasoline caused the damage, when it seemed to him the claim would not be covered by the policy, and then requiring proof upon conceding the claim could be covered, is understandable. That conduct does not. however, amount to what we have described as the conduct on the part of an insurer amounting to the tort of bad faith. A controversy over the existence of a first party insured's claim does not constitute bad faith even if it results from negligence or gross ignorance on the part of the insurer. *See Aetna Cas. & Sur.* v. *Broadway Arms*, 281 Ark. 128, 664 S.W.2d 463 (1983). We cannot affirm the $2500 bad faith award.

## 2. Attorney's fee

■ A party who demands payment from an insurance company of a claim for a casualty loss is entitled to an attorney's fee if he or she recovers on the claim within 20% of the amount demanded or sought in the suit. Ark. Code Ann. § 23-79-208 (Repl. 1992). First Marine contends Mr. Booth was not entitled to an attorney's fee because his recovery should not have been within 20% of the amount sought. Error occurred, according to First Marine, because the jury failed to subtract an amount attributable to depreciation of the outboard motor.

■ The only evidence submitted by Mr. Booth relevant to the amount of damages to be recovered was the amount of the estimated cost of repair. An amount paid as the cost of repair is acceptable evidence of the proper measure of damages to a motor vehicle, *i.e.*, the difference between the value before and after, damaged in an accident. *Sipes* v. *Munro*, 287 Ark. 244, 697 S.W.2d 905 (1985). We have said in an *obiter dictum* that appraisal of repair cost is also sufficient. *See Beggs* v. *Stalnaker*, 237 Ark. 281, 372 S.W.2d 600 (1963). *See also* H. Brill, Arkansas Law of Damages, § 29-4 (2d ed. 1990). We see no reason these rules should not apply to injury to a boat motor just as they do to automobiles.

First Marine's argument, although not so expressed, must be that the reduced value, due to prior use, of the motor before the damage occurred was not considered by the jury. First Marine argues as if the $4,539 repair bill were the "before" value of the motor and that amount should be reduced by a percentage of value lost for each year of prior use. There is nothing in the record before us to support the notion that the value of the motor prior to its demise was the same as the amount of the repair estimate.

■ No evidence, other than the repair estimate, was offered on the before and after value of the motor, nor was it even discussed before the jury. The only evidence presented by First Marine even remotely relevant to the point was the testimony of a witness about the average life of an outboard motor. No instruction on the matter was sought by First Marine.

In these circumstances, and in the absence of any cited

authority on the point, we can hardly say the Trial Court erred in accepting the jury's verdict on the amount of the compensatory recovery for the damage to the motor.

The jury found First Marine had breached the insurance contract. It awarded $5,000 as damages. There was no evidence before the jury upon which it could reasonably have awarded an amount more than the amount demanded which was $4,539.52. If that amount had been reduced by the $250 deductible and the $44 portion of the repair estimate not attributable to the injury in question, the recovery would have been $4245.52 which is within 20% of the amount demanded. The breach of contract damages against First Marine were, as noted above, set off by the Trial Court because of the tort recovery against E-Z Mart for the same injury. The liability of First Marine for the contract breach within 20% of the amount demanded was, however, clearly established by the jury verdict, and thus the award of the attorney's fee was not improper.

The judgment is modified so that the award in favor of Rickey Booth against First Marine is $2,500, representing the attorney's fee, plus costs.

Affirmed as modified.