Robert McDANIEL *v.* Steve LINDER

CA 98-1122                                    990 S.W.2d 593

Court of Appeals of Arkansas
Division I
Opinion delivered May 26, 1999

*Charlie L. Rudd,* for appellant.

*Steve Westerfield,* for appellee.

JOHN MAUZY PITTMAN, Judge. The parties in this tort case rented adjacent boat stalls on Lake Hamilton in Garland County, Arkansas. In July 1995, appellant attached a battery charger to the battery of his boat and left the charger connected, unattended, while he went out of town for three or four days. Appellant's battery exploded and spewed battery acid onto appellee's pontoon boat. Appellee filed suit alleging that his pontoon boat was damaged by appellant's negligence. After a bench trial, the trial court found that appellee sustained damages to his pontoon boat in the amount of $2,907.60; that appellant had been negligent; and that appellant's negligence was the proximate cause of the damages to appellee's pontoon boat. From that decision, comes this appeal.

For reversal, appellant contends that the evidence is insufficient to support the trial court's finding of negligence because the

explosion was not foreseeable, and that the evidence is not sufficient to support the award of damages. We find some merit in appellant's second contention and, consequently, we affirm upon agreement of remittitur.

■ We first address appellant's contention that his actions were not negligent because the explosion was not foreseeable. Citing Prosser's treatise on the law of torts, the Arkansas Supreme Court has noted in *Keck v. American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983), that the question of foreseeability may be one of fact, depending on the case.

> [I]f reasonable persons could not differ about the determination [of foreseeability] on the evidence before the court, it is decided by the trial judge, or by the appellate court. If, on the other hand, reasonable persons could differ, then the trial judge must explain the applicable legal concept to the jury, and leave to the jury the responsibility of making the evaluative determination — the application of that concept to the facts, as they find them to be.

W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 45, at 320 (5th ed. 1984).

In the present case, appellant testified that he removed his battery from its normal, shielded location behind a curtain under the seat of his boat, and placed the battery, uncovered, in the center of his boat. Appellant stated that he then attached a ten-amp tapering battery charger to his battery and left for Kansas City. When he returned from Kansas City three or four days later, he went to the boat dock and found that his battery had exploded. Appellant testified that he had previously charged the battery in the same manner approximately twenty-five times without mishap.

Carl Wells, a battery specialist, testified that even nondefective batteries connected to nondefective chargers can explode if a spark ignites the gasses emitted by the battery. Mr. Wells stated that a spark could result from any slight movement of the contacts, such as might be caused by wind, waves, or a bird landing on them, or from a short circuit inside the battery itself. He further testified that, after twelve to fourteen hours, the battery would

begin to deteriorate internally and could short-circuit from the heat created by the continuous charging. Mr. Wells stated that batteries must be handled very carefully and covered during charging for protection, and that he would not leave a battery charger connected for four days because the danger of an explosion was too great.

Kenneth Kirkley testified that he was in the marine business and that he was familiar with boats and batteries. He stated that he charges batteries in the course of his business and that, before doing so, he removes the battery from the boat and isolates it from materials that could be damaged by battery acid. Mr. Kirkley also testified that he recommends to his customers that they likewise remove their batteries from their boats before charging them.

■ On this record, we cannot say that the trial judge erred in finding that the danger of explosion was foreseeable.

We next address appellant's contention that the evidence does not support the award of damages.[1] It appears from the record that appellee obtained an estimate showing that the cost of repairs to his pontoon boat would be $2,574.60. Appellee testified that he also had the boat cleaned and repaired a table, damaged in the explosion but not listed as an item to be repaired in the estimate, for a total cost of $333.00. The trial judge awarded damages totaling $2,907.60, the sum of these amounts. Appellant contends that the trial judge erred in awarding damages based on the estimated cost of repair because this was not the best evidence of damages in this case. We agree.

■ ■ The measure of damages for damage to a vehicle is the difference in the fair market value of the vehicle immediately before and immediately after the occurrence. *Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984). An appraisal of the estimated cost of repair is acceptable evidence of the difference between the value of the vehicle before and after it was damaged.

---

[1] The appellee asserts that this issue is not preserved for appeal because it was not included in appellant's directed verdict motion. However, in a non-jury trial, it is not necessary to move for a directed verdict in order to test the sufficiency of the evidence of damages on appeal. *Sipes v. Munro*, 287 Ark. 244, 697 S.W.2d 905 (1985).

*First Marine Insurance Co. v. Booth*, 317 Ark. 91, 876 S.W.2d 255 (1994). However, the difference in market value before and after the occurrence may be established by cost of repairs only when other competent proof of market value is absent and the cost of repairs is the best available evidence of market value. *Beggs v. Stalnaker*, 237 Ark. 281, 372 S.W.2d 600 (1963); *see* H. W. Brill, *Arkansas Law of Damages* § 29-4, at 397 (2d ed. 1990). The *Beggs* court held that, where the jury was presented both with evidence of cost of repair and with competent appraisals of market value, the appraisals of market value were the best evidence available. *Beggs v. Stalnaker*, 237 Ark. at 284, 372 S.W.2d at 602. In the present case the trial court was likewise presented with appraisals of market value and, insomuch as these appraisals of market value were introduced into evidence by the appellee as plaintiff below, we think they should be regarded as competent and the best available evidence of market value. Consequently, we hold that the trial judge erred in basing his award on the estimated cost of repairs.

■ ■ Nevertheless, we do not believe that the error necessarily requires a new trial. In *Johnson v. Gilliland*, 320 Ark. 1, 896 S.W.2d 856 (1995), the supreme court said that:

> Ordinarily, a general verdict is a complete entity that cannot be divided, requiring a new trial upon reversible error. When, however, a trial error relates to a separable item of damages, a new trial can sometimes be avoided by the entry of a remittitur. *Jacuzzi Brothers, Inc. v. Todd*, 316 Ark. 785, 875 S.W.2d 67 (1994); *Wheeler v. Bennett*, 312 Ark. 411, 849 S.W.2d 952 (1993); *White River Rural Water District v. Moon*, 310 Ark. 624, 839 S.W.2d 211 (1992). As Mr. Johnson testified that the fair market value of the boat was $10,000, we have no hesitation in declaring that a remittitur is in order. Should Mr. Johnson submit a petition within seventeen days, requesting a remittitur of damages from $20,250 to $10,000, we will affirm as modified. Otherwise, as a general verdict cannot be divided, we must remand for a new trial of Mr. Huntsberger's cross-complaint against James Johnson. *See Jacuzzi Brothers, Inc. v. Todd, supra; Interstate Freeway Serv., Inc., v. Houser*, 310 Ark. 302, 835 S.W.2d 872 (1992).

*Johnson v. Gilliland, supra*, at 9. The amount of the remittitur in such cases is fixed by the highest estimate of the element of dam-

age affected by the error. *Martin v. Rieger*, 289 Ark. 292, 711 S.W.2d 776 (1986). In the case at bar there was evidence that appellee's pontoon boat was in excellent condition prior to the explosion, and that a boat of that type in such condition had a market value of $7,300.00. There was also evidence that, following the explosion and after appellee expended $333.00 in repairs, the pontoon boat had a market value of $4,800.00. Consequently, should appellee submit a petition within seventeen days requesting a remittitur in damages from $2,907.60 to $2,833.00, we will affirm as modified. Otherwise, we must remand for a new trial.

Affirmed as modified.

STROUD and GRIFFEN, JJ., agree.