John LEE *v.* Ashley MARTIN and
Sears, Roebuck & Company

CA 00-1247 45 S.W.3d 860

Court of Appeals of Arkansas
Division I
Opinion delivered June 13, 2001

*Grider Law Firm* and *Dick Jarboe*, for appellant.

*Trammell Rogers, PLC,* by: *Gill A. Rogers* and *Michael McCarty-Harrison,* for appellee Ashley Martin.

OLLY NEAL, Judge. This is a negligence and products-liability case. On May 6, 1992, appellant John Lee, who was age eighteen, attended a party hosted by appellee Ashley Martin, age seventeen. Upon leaving the party, Lee accidently backed a borrowed car into a concrete bridge. When the car came to rest, one of its tires was suspended over a ditch. Lee sought the assistance of those at the party to extricate the vehicle from its precarious position. At Lee's request and direction, Ashley Martin sat in the driver's seat and accelerated the vehicle while Lee and others attempted to push it free. When Martin accelerated, the suspended

tire began spinning at a high rate of speed and exploded, seriously injuring Lee. He filed suit against Martin for negligence and against Sears, the supplier of the tire, on the theories of strict liability, breach of warranty, and failure to warn. Martin and Sears filed motions for summary judgment, which were granted by the trial court. On appeal, Lee contends that summary judgment was improperly granted. We disagree and affirm.

■■■ In summary-judgment cases, we need only decide if the grant of summary judgment was appropriate, considering whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *See Regions Bank & Trust v. Stone County Skilled Nursing Facility,* 73 Ark. App. 17, 38 S.W.3d 916 (2001). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Inge v. Walker,* 70 Ark. App. 114, 15 S.W.3d 348 (2000). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* Once a moving party establishes a prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact. *Id.* Summary judgment is no longer considered a drastic remedy but is regarded as simply one of the tools in the trial court's efficiency arsenal. *See Wallace v. Broyles,* 332 Ark. 189, 961 S.W.2d 712 (1998).

We address first the summary judgment entered in favor of Martin. Lee contended that Martin was negligent in over-accelerating the vehicle, which caused the free-spinning tire to explode. Lee's expert, Loren Forney, explained in his deposition that, in his opinion, excessive centrifugal force caused the tire to come apart in this case. His opinion was bolstered by a page from a sample car owner's manual and by the affidavit of a mechanic, each of which recognized that, when one drive wheel is stationary and the other is not, the free wheel spins twice as fast upon acceleration as it normally would. This rapid acceleration subjects the freely spinning tire to great centrifugal force, causing it to explode. This phenomenon is known as over-spinning or spin break. *See Benoit v. Ryan Chevrolet,* 428 So.2d 489 (La. Ct. App. 1982); *Firestone Tire & Rubber Co. v. Battle,* 745 S.W.2d 909 (Tex. Ct. App. 1988).

Martin moved for summary judgment arguing that she was unaware that a tire might explode under such circumstances, thus

making the risk unforeseeable. To support her argument, she relied on Lee's deposition in which he testified as follows:

> Q.: [W]hat proof do you have that acceleration was the cause of this accident at all?
>
> A.: I have no proof.
>
> Q.: Given the allegations that Ashley Martin applied excessive acceleration ... did you know at that time or did you think at that time that excessive acceleration could cause a tire to explode?
>
> A.: No, I had no idea.
>
> Q.: Do you have any information that Ashley Martin should know any more than you about excessive acceleration in spinning a tire?
>
> Q.: No.

Martin also relied on the testimony of Lee's expert, Forney, who said that Martin had no way of knowing that the tire could explode under the circumstances and that the majority of the population would not be aware of such a possibility.

■ ■ Foreseeability is a necessary ingredient of actionable negligence in this state. *See Benson v. Shuler Drilling Co.*, 316 Ark. 101, 871 S.W.2d 552 (1994). There is no negligence in not guarding against a danger which there is no reason to anticipate. *Id.* Although a jury question is presented where there is a reasonable difference of opinion as to the foreseeability of a particular risk, *see Keck v. American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983), where no difference of opinion exists, the question is decided by the trial court or appellate court. *See McDaniel v. Linder*, 66 Ark. App. 362, 990 S.W.2d 593 (1999).

■ Martin established, through Lee's and Forney's deposition testimony, that she had no reason to anticipate that acceleration of the vehicle would create a risk of harm. It was therefore incumbent upon Lee to meet proof with proof and show that a genuine issue of fact remained as to whether the risk was foreseeable. Lee's proof fell short in this regard. To establish the foreseeability of the risk, he relied primarily on the fact that the car owner's manual warned drivers that, when one wheel is spinning, acceleration should not exceed thirty-five miles per hour. However, Martin did not own the car that was involved in the incident; it was owned by a third

person not a party to this case. Further, Lee offered no proof that Martin had ever driven the car or seen the manual, nor did he offer proof that the manual was in the car at the time of the incident. Under these circumstances, we uphold the grant of summary judgment as to Martin.

 Next, we consider Lee's argument that factual issues remain to be decided on each of the three theories he pled against Sears: strict liability for an alleged defect in the tire, breach of the implied warranty of merchantability, and negligent failure to warn. To recover under a strict liability theory, a plaintiff must prove, *inter alia*, that the defendant supplied the product in a defective condition that rendered it unreasonably dangerous and that the defective condition was the proximate cause of the plaintiff's harm. *See* Ark. Code Ann. § 4-86-102(a) (Repl. 1996); *E.I. Du Pont de Nemours & Co. v. Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983). A "defective condition" is a condition that renders a product unsafe for reasonably foreseeable use and consumption. Ark. Code Ann. § 16-116-102(4) (1987). A product is "unreasonably dangerous" if it is dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable user, assuming the ordinary knowledge of the community or similar users as to its characteristics, propensities, risks, dangers, and proper and improper uses, as well as any special knowledge, training, or experience possessed by the user. *See* Ark. Code Ann. § 16-116-102(7) (1987).

Lee's expert, Forney, testified unequivocally in his deposition that there was no manufacturing defect in the tire, no evidence of malfunction of the tire, nor any evidence that it was defectively designed. In fact, he stated that Sears had no responsibility at all for the tire explosion. Despite this testimony, Lee argues on appeal as follows:

> Even though the tire has no design defect identified by John Forney and there was no negligence in the manufacturing process as such, still the tire in question did not meet the expectations of John Lee or any other average or ordinary consumer and consequently that makes the tire defective.

According to Lee, Arkansas has adopted a consumer expectations test with respect to defectively designed products. Under this test, a plaintiff must demonstrate that the defective product disappointed the expectations of either a reasonable consumer or the plaintiff at bar before the product will be considered unreasonably dangerous. *See* Robert Thompson *The Arkansas Products Liability Statute: What*

*Does "Unreasonably Dangerous" Mean In Arkansas?* 50 ARK. L. REV. 663 (1998).

██ Lee argues that, because he did not expect the tire to explode, the tire is defective under the consumer-expectation test. However, he misunderstands the purpose of the test. Even if we agree that Arkansas has adopted the consumer-expectation standard, and no state court case has expressly held that we have,[1] the standard is relevant to only one prong of the proof needed in a strict-liability case, *i.e.*, whether the product is unreasonably dangerous. *See* Thompson, 50 ARK. L. REV. at 664–67. A plaintiff in a strict-liability case must prove that the product is unreasonably dangerous *and* defective. *See O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997). Proof that the product was defective is an essential element of a strict-liability cause of action. *See Lakeview Country Club, Inc. v. Superior Prods.*, 325 Ark. 218, 926 S.W.2d 428 (1996). Lee's own expert offered his opinion that the tire was not defective, and Lee did not meet proof with proof to dispel that opinion. If a respondent cannot meet proof with proof on an essential element of his claim, the movant is entitled to judgment as a matter of law. *See Caplener v. Bluebonnet Milling Co.*, 322 Ark. 751, 911 S.W.2d 586 (1995).

██ ██ Next, we address Lee's claim for breach of the implied warranty of merchantability. The gravamen of such a claim is that the product is not suited for its ordinary purpose. *See Lakeview Country Club, Inc. v. Superior Prods., supra; Purina Mills, Inc. v. Askins*, 317 Ark. 58, 875 S.W.2d 843 (1994). As we have already stated, Lee's expert found that the tire was not defective and did not malfunction. He further found that any tire would have exploded under the conditions present in this case, based upon the laws of physics. Sears relied on these opinions in filing its motion for summary judgment on this issue and, again, Lee did not meet proof with proof to show that a genuine issue of fact existed. He offered no proof that the tire was unfit, that it malfunctioned, or that it was inadequate to serve its ordinary purpose. The expert's opinion stood unrebutted on this point, making summary judgment proper.

██ Finally, we address Lee's claim that Sears failed to warn users of the hazard of centrifugal-force explosions. As a general rule, there is a duty to warn the ultimate user of a product of the risk of the product. *See West v. Searle & Co.*, 305 Ark. 33, 806

---

[1] *But see French v. Grove Mfg. Co.*, 656 F.2d 295 (8th Cir. 1981).

S.W.2d 608 (1991). This duty exists under either a negligence theory or a strict-liability theory.[2] *Id.* The record reveals that, other than the warning contained in the sample car owner's manual referred to earlier, which was provided by the car manufacturer, the only other warning provided as to the danger of over-spinning a tire was contained on the back of a Sears tire warranty card. It read as follows:

> When in mud, sand, or ice conditions, do not indulge in excessive wheel spin. In such conditions, with automatic transmission vehicles, by accelerating the motor excessively, it is possible to spin one of the drive tires beyond its speed capability. This is also true when balancing a drive tire/wheel assembly using the engine of the vehicle to spin the wheel.

Lee argues that the warnings were not adequate and that a proper warning should have been placed on the wheel itself or on the dashboard of the car or that warnings should have been displayed in retail tire stores. Sears did not base its motion for summary judgment on the claim that the warnings provided were adequate as a matter of law. Rather, it contended that Lee could not prove that lack of a warning proximately caused his injuries. This contention was based on the theory that it would have been futile to provide further warnings because Lee would not have seen them.

In *Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992), the supreme court held that, if a plaintiff meets his initial burden of proving that a warning is inadequate, a presumption arises that he would have read and heeded an adequate warning; however, the presumption may be rebutted by evidence that an adequate warning would have been futile under the circumstances. In *Bushong*, the court upheld the entry of summary judgment on a failure-to-warn claim because the plaintiff admittedly did not read a warning label on the chemical cleaning product that allegedly caused his injury. Likewise, in the case at bar, appellant, by his own admission, did not look at the tire or inspect it before going into the ditch to free the vehicle, nor was it likely that he ever would have. The hour was late when the incident occurred, and the vehicle did not belong to appellant. Further, appellant's expert, Forney, testified that, in his opinion, a warning on the tire would have made no

---

[2] In his brief in opposition to Sears's summary judgment motion, Lee stated that his failure-to-warn claim was for negligent failure-to-warn. However, the distinction makes no difference for purposes of this appeal.

difference. Thus, as in *Bushong*, it would have been futile as a matter of law for Sears to provide further warnings. Summary judgment was therefore proper on this issue.

Affirmed.

HART and VAUGHT, JJ., agree.