# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3954

_____

| | | |
|---|---|---|
| Scott Crawford and Darlene Crawford, | * * * | |
| Appellants, | * * | Appeal from the United States District Court for the Eastern |
| v. | * * | District of Arkansas. |
| Sears Roebuck & Company, | * * * | |
| Appellee. | * | |

_____

Submitted:  June 28, 2002

Filed: July 23, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Scott Crawford and Darlene Crawford brought this action on theories of negligence and strict liability against Sears, Roebuck & Company after Mr. Crawford sustained serious injuries when he fell from a ladder that Sears did not manufacture

but sold. The district court granted summary judgment to Sears, and the Crawfords appeal. We affirm the judgment of the district court.[1]

The Crawfords produced evidence, including an affidavit from an eyewitness, that the extension ladder on which Mr. Crawford was standing while performing electrical work buckled laterally and fell to the ground injuring him severely. The Crawfords also offered the deposition of an expert witness who opined that the ladder had a design defect because it would not otherwise have buckled in the manner that it did, but the expert was unable to identify the alleged defect with specificity. In fact, he admitted that he had not found any manufacturing or other defect in the ladder, and added that "it could be defective material, it could be all sorts of things." On this record, the district court held that summary judgment for Sears was appropriate because there was a failure of proof on an essential element of the plaintiff's case, namely, that Sears had supplied the ladder in a defective condition. *See*, *e.g.*, Ark. Code Ann. § 4-86-102(a); *Campbell Soup Co. v. Gates*, 319 Ark. 54, 59-60, 889 S.W.2d 750, 753 (1994); *Mixon v. Chrysler Corp.*, 281 Ark. 202, 205-06, 663 S.W.2d 713, 714-15 (1984); *Lee v. Martin*, 74 Ark. App. 193, 198-99, 45 S.W.3d 860, 863-64 (2001).

We agree with the district court. The fact that an accident occurred is not proof that the ladder was defective when Sears sold it, and the expert's testimony that the ladder was defective is a mere speculative conclusion. It is true that the expert pointed to a safety standard of the *American National Standards Institute* that requires that a ladder be designed to withstand its rated load, but that is a mere truism, not the kind of specific standard the violation of which can rescue a products liability case from summary judgment. *See Int'l Harvester Corp. v. Hardin*, 264 Ark. 717, 722-23, 574 S.W.2d 260, 263 (1978); *cf. White v. Clark Equip. Co.*, 262 Ark. 158,

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

161, 553 S.W.2d 280, 282 (1977); *Verson Allsteel Press Co. v. Garner*, 261 Ark. 133, 547 S.W.2d 411, 413-15 (1977). In short, the fact that a ladder buckled under what Sears concedes to have been a normal load is not enough to establish that it was defectively designed or that it was sold in a defective condition.

We are mindful that an accident can occur in circumstances that are sufficiently unusual to raise an inference that a design defect was at work. *Res ipsa loquitur. See*, *e.g.*, *Harrell Motors v. Flanery*, 272 Ark. 105, 108-09, 612 S.W.2d 727, 729 (1981); *Southern Co. v. Graham*, 271 Ark. 223, 226, 607 S.W.2d 677, 679 (1980); *Dancy v. Hyster Co.*, 127 F.3d 649, 653-54 (8th Cir. 1997), *cert. denied*, 523 U.S. 1004 (1998). Thus "when common experience teaches" that an accident would not have happened "in the absence of a defect," a case may sometimes be allowed to proceed to a factfinder. *See Lakeview Country Club, Inc. v. Superior Prods.*, 325 Ark. 218, 223-24, 926 S.W.2d 428, 431 (1996). But before that can happen, a plaintiff must produce evidence that tends to negate other causes of the observed failure (in this case, the buckling of the ladder). *See Campbell Soup Co.*, 319 Ark. at 59, 889 S.W.2d at 753; *Higgins v. General Motors Corp.*, 287 Ark. 390, 392, 699 S.W.2d 741, 743 (1985); *Mixon*, 281 Ark. at 205, 663 S.W.2d at 714.

Here there was no evidence tending to eliminate other possible causes for the failure, including ordinary wear and tear or previous misuse of the product. The need for such proof, it seems to us, is particularly necessary to avoid summary judgment in this case because Sears sold the relevant ladder to an unknown purchaser more than twenty years (and perhaps as many as twenty-eight years) before Mr. Crawford sustained his injury, and the ladder's history after its sale is completely unknown. Mr. Crawford's strict liability claim against Sears based on an alleged defect in the ladder must therefore fail: There is no proof here sufficient "to induce the mind to pass beyond conjecture," *Campbell Soup*, 319 Ark. at 59-60, 889 S.W.2d at 753, on the issue of whether the ladder was defective.

The district court also correctly granted Sears's motion for summary judgment on the Crawfords negligence claim because there was no evidence whatever in the record that Sears was negligent in supplying the ladder or in any other relevant particular.

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.