# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2437

_____

Martha Hunt, Personal Representative of the Estate of Tommy Lee Hunt,
Deceased and on behalf of the Wrongful Death Beneficiaries of Tommy Lee Hunt

*Plaintiff - Appellant*

v.

Home Depot, Inc.; Home Depot U.S.A., Inc.; Telesteps Inc.; Regal Ideas Inc.

*Defendants - Appellees*

Xin Wei Aluminum Products Co. Ltd

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: February 14, 2023
Filed: June 22, 2023

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

_____

SMITH, Chief Judge.

Martha Hunt and her husband, Tommy Lee Hunt, purchased a ladder at Home Depot some years ago. Mr. Hunt was found dead near the ladder with injuries consistent with a fall. Mrs. Hunt sued Home Depot, alleging that a defect in a ladder caused Mr. Hunt's death. The district court[1] granted summary judgment in favor of Home Depot, concluding that Mrs. Hunt's evidence was insufficient as a matter of law to show causation. We affirm.

## I. *Background*

Mr. Hunt, while attempting to replace a lightbulb at the New Light Baptist Church in Helena, Arkansas, apparently fell from a ladder and hit his head on a church pew. The Hunts purchased the Telesteps Model 16S ladder from Home Depot 11 years before the accident. Mrs. Hunt alleges that a defect in the ladder caused Mr. Hunt to fall to his death.

Mrs. Hunt sued Home Depot,[2] alleging products liability, strict liability, negligence, breach of the implied warranties of merchantability and fitness for a particular purpose, breach of express warranties, violation of American National Standards Institute (ANSI) standards, wrongful death, and survival. She claimed that a defect in the ladder caused Mr. Hunt's death. Home Depot moved for summary

---

[1]The Honorable Brian S. Miller, United States District Judge of the District Court for the Eastern District of Arkansas.

[2]We note that Mrs. Hunt named Home Depot, Inc.; Home Depot U.S.A., Inc.; Telesteps Inc.; Regal Ideas Inc.; and Xin Wei Aluminum Products Co. Ltd, as defendants. Xin Wei was dismissed early in the suit for lack of service. Although the remaining defendants are all named as appellees, Mrs. Hunt's claims on appeal are only relevant to the dismissal of Home Depot U.S.A. So we decline to address any challenges to the dismissal of the other appellees because "points not meaningfully argued in an opening brief are waived." *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007). References to "Home Depot," therefore, refer to Home Depot U.S.A.

judgment, arguing, among other things, that Mrs. Hunt failed to support her claims with sufficient evidence to enable a reasonable jury to find in her favor.

Both parties submitted expert opinion testimony from engineers. Mrs. Hunt submitted the report of William R. Coleman. Coleman concluded that the ladder was defective because "[t]he design of the telescoping mechanism allows the user to erect the ladder with one or more telescoping segments not fully locked into their extended position." R. Doc. 49-2, at 9. He noted that a "user is unable to verify that all telescoping sections are fully locked without climbing the ladder," and that "[o]ne or more of the telescoping sections can suddenly retract without warning the user when standing on or climbing on the ladder." *Id*. He suggested that this "sudden movement or jolt," *id.* at 7, could cause an unsuspecting user to lose their balance.

Coleman concluded that the ladder is "inherently wobbly" and exceeds the maximum height allowed by ANSI. *Id*. at 9. Notably, however, Coleman also concluded that "the ladder was fully opened and locked at the time of the accident," *id*. at 8, and that "[a]t this stage of the analysis, [he had] not identified defects in materials, assembly or workmanship that caused or contributed to Mr. Hunt's accident," *id*. at 9.

Home Depot submitted the report of Jon B. Ver Halen. Similar to Coleman, Ver Halen concluded that "there is no reason to believe that the locks were not fully engaged when Mr. Hunt had his accident." R. Doc. 41-1, at 7. However, Ver Halen further concluded that the ladder met all ANSI requirements when it was manufactured but that "[t]he spreader bars had become damaged and broken before the accident." *Id*. at 8. He additionally opined that "[a]t the time of the accident, Mr. Hunt fell backward off the ladder. The reactive force he applied to the ladder caused it to fold up and topple over. If the spreaders had been intact, they would have prevented the ladder from folding up and toppling over." *Id*.

Ver Halen also observed "exposed live wires where Mr. Hunt was working." *Id*. Ver Halen's report provided photos of the chandelier that Mr. Hunt was working on, which showed the socket of the bulb that he was replacing was blackened and had exposed live wires. The other bulbs in the chandelier were illuminated, suggesting to him the light was turned on when Mr. Hunt was working on it.

The district court granted Home Depot's summary judgment motion. It determined that "there is only speculation supporting [Mrs. Hunt's] position that a defect in the ladder caused Mr. Hunt's fall and there is no evidence that Home Depot USA's negligence cause[d] Mr. Hunt's death." *Hunt v. Home Depot Inc.*, No. 2:20-CV-00178-BSM, 2022 WL 2111652, at \*2 (E.D. Ark. June 10, 2022). It further determined that "nothing indicates the ladder showed signs of defective build before it was found lying on the floor next to Mr. Hunt." *Id*.

On appeal, Mrs. Hunt asserts that she provided sufficient evidence that establishes her claims against Home Depot, and, at a minimum, her evidence creates a genuine dispute of material fact making a grant of summary judgment improper.

II. *Discussion*

"We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Martin v. E-Z Mart Stores, Inc.*, 464 F.3d 827, 829 (8th Cir. 2006) (citation omitted).

In a products liability case under Arkansas law, "a plaintiff must prove that the product as supplied was defective so as to render it unreasonably dangerous and that such defect was the proximate cause of the accident." *Yielding v. Chrysler Motor Co.*, 783 S.W.2d 353, 355 (Ark. 1990).

When viewing the facts in the light most favorable to Mrs. Hunt, the ladder was defective in that it was not obvious whether it was fully locked, that it exceeded the maximum height allowed by ANSI, and that is was unusually wobbly. Nonetheless, the record fails to show that these defects singularly or in combination caused Mr. Hunt to fall. First, both experts agree that the ladder was fully locked at the time of the accident. Mrs. Hunt's allegation that this was not obvious is insufficient to establish a defect in the ladder that could have contributed to the fall.

As to the ANSI standards, we have rejected similar attempts to rely on such violations. *See Crawford v. Sears Roebuck & Co.*, 295 F.3d 884, 885 (8th Cir. 2002) ("It is true that the expert pointed to a safety standard of the *American National Standards Institute* that requires that a ladder be designed to withstand its rated load, but that is a mere truism, not the kind of specific standard the violation of which can rescue a products liability case from summary judgment.").

Similarly, there is no evidence that the wobbly nature of the ladder caused Mr. Hunt's fall. Indeed, plaintiff's expert Coleman concluded that "[a]t this stage of the analysis, [he had] not identified defects in materials, assembly or workmanship that caused or contributed to Mr. Hunt's accident." R. Doc. 49-2, at 9.

Mrs. Hunt argues that the ladder's spreader bars were damaged prior to the accident. Ver Halen agreed. However, Mrs. Hunt goes further by asserting, without evidence, that the spreader bars were defective when the ladder was purchased. Conversely, Coleman concluded that the spreader bars were intact and only became deformed after the accident.

On this record, proof that defective spreader bars caused Mr. Hunt's fall is lacking. Assuming the spreader bars were intact before the accident and were damaged by the accident, Hunt's theory of a defective spreader bar being the cause of the accident is unsound. Assuming the spreader bars were not intact prior to the

accident, the ladder was still purchased eleven years prior to the accident. The damage to the spreaders could have occurred at any point during that time, through no fault of Home Depot. And Mrs. Hunt did not produce any evidence to the contrary. In short, while it is reasonably believed that Mr. Hunt fell off the ladder and hit his head on a church pew, proof of the cause of his fall remains speculative, which "is insufficient to survive a motion for summary judgment." *Nat'l Bank of Com. of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 610 (8th Cir. 1999) (holding summary judgement was properly granted in favor of defendants in products liability case under Arkansas law because plaintiffs' claims that product was defective and that such defect caused plaintiffs' injuries were "founded on speculation or suspicion").

We have recognized that "an accident can occur in circumstances that are sufficiently unusual to raise an inference that a design defect was at work." *Crawford*, 295 F.3d at 886. "But before that can happen, a plaintiff must produce evidence that tends to negate other causes of the observed failure." *Id*. (holding evidence negating other possible causes of an accident was necessary to avoid summary judgment when a ladder was sold to a purchaser and the ladder's history after its sale was unknown).

Here, Mrs. Hunt has failed to negate other causes of the accident. In addition to the unaccounted-for 11-year period between the purchase of ladder and the accident, Ver Halen hypothesized that an electrical malfunction may have caused the fall. Mrs. Hunt replies that this sort of malfunction would have given Mr. Hunt electrical burns, which were not observed by the coroner. However, a minor spark that did not contact Mr. Hunt could have startled him and caused him to lose his balance. Mrs. Hunt has provided no evidence to refute this.

Mrs. Hunt's attempts to negate other possible causes fare no better. Mr. Hunt's medical records and an expert report from a doctor indicate that he could have suffered "myocardial infarction, cerebrovascular accident, or sudden cardiac death." Appellee's Br. at 32; *see also* R. Doc. 41-14, at 1–2. Mrs. Hunt points to the coroner's

report, which "lists 'head and neck injuries,' 'blunt force impact to head,' and 'fall' as suspected causes of death." Appellant's Br. at 14. Mrs. Hunt also notes that the coroner's report stated that Mr. Hunt had no chronic illnesses. But these pieces of evidence are not mutually exclusive. A cardiac event could have caused Mr. Hunt to fall and hit his head. Such a blow to his head could be the immediate cause of death despite the cardiac event being the immediate cause of his fall. Hunt neither points to nor has provided any evidence suggesting otherwise. As in *Crawford*, "[t]here is no proof here sufficient 'to induce the mind to pass beyond conjecture.'" 295 F.3d at 886 (quoting *Campbell Soup Co. v. Gates*, 889 S.W.2d 750, 753 (Ark. 1994)). Thus, the district court did not err when it granted Home Depot's motion for summary judgment.

### III. *Conclusion*

We affirm the district court's order granting Home Depot's motion for summary judgment.

_____