HARRELL MOTORS, INC. and CHRYSLER MOTORS
CORPORATION *v.* Billy FLANERY

80-241                                         612 S.W. 2d 727

Supreme Court of Arkansas
Opinion delivered March 2, 1981
[Rehearing denied April 6, 1981.]

*Gardner & Gardner*, for appellant Chrysler Motors Corporation.

*Southern & James*, by: *Dennis L. James*, for appellants.

*Mobley & Smith*, by: *William F. Smith*, for appellee.

ROBERT H. DUDLEY, Justice. On September 11, 1973, appellee Billy Flanery purchased from appellant Harrell Motors a new 1973 Dodge Carry van which was manufactured by appellant Chrysler Motors Corporation. Two months later, while the van was being driven, the transmission jumped from drive into neutral. In January, 1974, appellee put the gearshift in park and left the motor running while he went into his place of business. When he returned the van had jumped out of park, gone into reverse, and backed across the street. Flanery testified that he reported all of this to Harrell Motors and he was informed there was a problem with the transmission linkage. The transmission continued to jump from drive to neutral while the van was being driven. On several occasions appellee took the vehicle to Harrell Motors to have the problem corrected. Then, on February 12, 1974, appellee backed the van to the loading dock at his place of business, left the engine running, put the gearshift in park, did not put on the emergency brake, and went to the rear of the van. The van began to back up and pinned appellee against the door of his loading dock, resulting in personal injury to appellee.

Flanery filed suit alleging that the transmission was improperly designed, manufactured or installed at the Chrysler factory and that Harrell Motors negligently failed or refused to repair the van despite numerous requests. The trial court, sitting without a jury, awarded appellee $10,-892.10, reduced by 10 percent because of his failure to set the emergency brake. Harrell Motors was found to be 30 percent negligent and Chrysler 60 percent negligent.

Chrysler contends that there was no evidence of a defect which caused appellee's injury and that no defect was proved to exist at the time the car left Chrysler's factory.

Ark. Stat. Ann. § 85-2-318.2 (Supp. 1979) does away with the necessity of proving negligence in order to recover for injuries resulting from a defective product.

*Southern Company, Inc.* v. *Graham*, 271 Ark. 223, 607 S.W. 2d 677 (1980). While proof of negligence is no longer necessary, proof of the specific defect is normally required. *Higgins* v. *General Motors Corporation*, 250 Ark. 551, 465 S.W. 2d 898 (1971). However, proof of the specific defect is not required when common experience tells us that the accident would not have occurred in the absence of a defect. In such a situation there is an inference the product is defective, and it is up to the manufacturer to go forward with the evidence. *Williams* v. *Deere & Company*, 598 S.W. 2d 609 (Mo. App., 1980). On the second occasion the new van shifted from park to reverse and the appellee was injured. Common experience tells us that if the vehicle had been operating properly it would have stayed in park. Professor Prosser, in his hornbook, The Law of Torts, § 102, p. 672, 673 (4th Ed., 1971) discusses this situation now before us.

> The difficult problems are those of proof by circumstantial evidence. Strictly speaking, since proof of negligence is not in issue, res ipsa loquitur has no application to strict liability; but the inferences which are the core of the doctrine remain, and are no less applicable. The plaintiff is not required to eliminate all other possibilities, and so prove his case beyond a reasonable doubt. As on other issues in civil actions, it is enough that he makes out a preponderance of probability. It is enough that the court cannot say that reasonable men on the jury could not find it more likely than not that the fact is true.

> The mere fact of an accident, standing alone, as where an automobile goes into the ditch, does not make out a case that the product was defective, nor does the fact that it was found in a defective condition after the event, where it appears equally likely that it was caused by the accident itself. But the addition of other facts tending to show that the defect existed before the accident, such as its occurrence within a short time after the sale, or proof of the malfunction of a part for which the manufacturer alone could be responsible, may make out a sufficient case, and so may expert testimony.

There was evidence that the transmission had not properly functioned from shortly after the date of purchase. There was no evidence that the transmission had been altered, adjusted or interfered with from the date of delivery to the date of the accident. Hence, the trier of fact could properly find that the defect existed when the van left the factory.

Harrell Motors contends there was no substantial evidence to prove that it performed a negligent adjustment of the transmission. The lower court found that Flanery requested that the transmission problem be corrected, yet no adjustment to the transmission was ever made. The trier of fact found, under these conditions, a negligent omission either to repair the transmission or to inform the appellee that the van was dangerous. Either of the negligent omissions was a valid basis for determining that appellant Harrell Motors was liable.

Chrysler contends that appellee assumed the risk by not applying the handbrake when he knew the transmission was defective. Flanery responds that he thought appellant Harrell Motors had repaired the transmission. Appellant Harrell Motors contends it is entitled to a judgment over and against appellant Chrysler.

The weighing of relative fault is peculiarly a jury function and will be disturbed only in rare instances if there is negligence by all parties. *St. Louis Southwestern Railway Company* v. *Pennington*, 261 Ark. 650, 553 S.W. 2d 436 (1977). Findings of fact by the trial judge will not be set aside unless clearly erroneous. Ark. R. Civ. P. 52. We cannot say the finding of the court that all parties were at fault in the varying percentages is clearly erroneous.

The trial court did not commit error in refusing to grant Harrell Motors a judgment over against Chrysler. A retailer having knowledge of a latent defect and omitting either to repair the defect or to inform the purchaser of the failure to repair is not entitled to a judgment over against a manufacturer for the portion of the damages assessed against the retailer.

Both appellants contest the award of damages by arguing that the trial court used an erroneous basis for the loss of earnings. Appellee testified that he lost 12 or 13 weeks' work as a result of the accident and that his weekly income was from $700 to $1,000. There was no other evidence on the subject. The trial court took the lower figure and multiplied it by the lowest number of weeks to award lost earnings of $8,400. The award for loss of earnings is not clearly against the evidence.

Affirmed.