Leonard HIGGINS *v.* GENERAL MOTORS CORP. and
SMART CHEVROLET COMPANY

85-160                                                    699 S.W.2d 741

Supreme Court of Arkansas
Opinion delivered December 2, 1985
[Rehearing denied January 13, 1986.*]

* Purtle, J., not participating.

*Gary Eubanks & Associates*, by: *Darryl E. Baker* and *James Gerard Schulze*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee, GMC.

STEELE HAYS, Justice. This products liability suit was brought by Leonard Higgins, appellant, against Smart Chevrolet and General Motors Corporation, appellees. Higgins purchased a 1979 Malibu from Smart Chevrolet on July 3, 1979, and complained that the transmission was faulty. On November 12, 1979, after waiting at an intersection for a traffic light to change, Higgins stepped on the accelerator, and, he said, the car shot across the intersection and onto the median. The car was undamaged but Higgins was taken by an ambulance to a hospital where he was treated. He attributed the unusual behavior of the vehicle to a malfunction in the transmission and brought suit against Smart and General Motors, alleging negligence, breach of warranty and strict liability. At the close of appellant's case the court granted a defense motion for a directed verdict. Appellant brings this appeal, the primary contention being the proof was sufficient to submit the case to the jury.

As there was no proof whatever to establish the negligence theory, we can summarily dispose of that claim. The two elements in dispute at trial were: 1) that a defect in the product existed and 2) that such defect was the proximate cause of the injury. As these two elements of a strict liability case are essentially the same required in a breach of warranty case, we will discuss the evidence in terms of strict liability. See Ark. Stat. Ann. § 85-2-314 and § 85-2-715; § 85-2-318.2 and see *E.I. Du Pont Nemours & Co.* v. *Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983).

A plaintiff is no longer required to prove negligence in a strict liability claim but still must prove the product was

defective so as to render it unreasonably dangerous, and that the defect was the cause of the injury. The mere possibility this has occurred is not enough, there must be evidence from which the jury can conclude that it is more probable than not. *Southern Co. v. Graham Drive-In*, 271 Ark. 223, 607 S.W.2d 677 (1980).

■■ The difficult problems are those of proof by circumstantial evidence. Strictly speaking, since proof of negligence is not in issue, res ipsa loquitur has no application to strict liability; but the inferences which are the core of the doctrine remain, and are no less applicable. The plaintiff is not required to eliminate all other possibilities, and need not prove his case beyond a reasonable doubt. It is enough that he establishes a preponderance of probability. In the absence of direct proof of a specific defect, it is sufficient if a plaintiff negates other possible causes of failure of the product, not attributable to the defendant, and thus creates a reasonable inference that the defendant is responsible for the defect. *Southern Co. v. Graham, supra*; and *see Harrell Motors, Inc. v. Flanery*, 272 Ark. 105, 612 S.W.2d 727 (1981); *Mixon v. Chrysler Corp.*, 281 Ark. 202, 663 S.W.2d 713 (1984).

■■ Proof of a specific defect is not required when common experience teaches the accident would not have occurred in the absence of a defect. The mere fact of an accident, standing alone, does not make out a case that the product is defective, but the addition of other facts tending to show the defect existed before the accident, may be sufficient. *Harrell Motors, Inc. v. Flanery, supra.*

■ We note that under appropriate circumstances, a user's testimony alone may be sufficient evidence. See, Prosser and Keeton on Torts (5th Ed. 1984), § 99, pp. 696-697; *Stackiewicz v. Nissan Motor Corp.*, __ Nev. __, 686 P.2d 925 (1984); *Tweedy v. Wright Ford Sales, Inc.*, 64 Ill.2d 570, 2 Ill. Dec. 282, 357 N.E.2d 449 (1976); *Brownell v. White Motor Co.*, 260 Or. 251, 490 P.2d 184 (1971).

■ Here, we are reviewing an order granting a motion for a directed verdict. In that situation we view the evidence most favorably to the party against whom the verdict is directed, including all inferences favorable to him, and if any substantial evidence exists which tends to establish an issue in favor of that party, it is error for the court to take the case from the jury.

*Dildine* v. *Clark Equipment Co.*, 282 Ark. 130, 666 S.W.2d 692 (1984).

Appellant presented no direct proof of a defect or of the cause of the accident. He relied on circumstantial evidence, primarily his own testimony. Initially, we could not say that when a car moves suddenly, even swiftly, into an intersection common experience tells us it would not have happened absent a defect. Therefore, we examine the evidence to see to what extent appellant negated other causes of the accident.

Appellant offered proof to negate several possible causes, testifying he was in excellent health prior to the accident, that the weather was good on that day and there had been no misuse or abuse of the car. Our difficulty comes in finding appellant adequately negated any cause of the accident due to driver error or control.

While appellant waited for the light to change at the intersection, some of his attention was focused on the radio as he adjusted the controls. He described an awkward position—leaning forward and turning to the right with his left leg "hung up" under the steering wheel. In response to further questioning appellant stated:

> It was because in that small car, I had to scoot the seat way back. My wife drove it and I scoot the seat way back and get comfortable and then when I got ready to adjust the radio, the radio was way down kind of near the floor like. So, I had to reach forward and down to get it.

While in this position, the light changed and appellant stepped on the gas pedal. He knew the car accelerated but testified he heard his back pop and immediately blacked out. The next thing he remembered was a policeman standing by the car. He said he did not press that hard on the accelerator, but his testimony as to the amount of pressure applied was equivocal:

Q:  [To] what extent did you push the [accelerator]?

A:  Well, it's really hard to say. Just a little bit though. It wasn't very hard . . . To my best recollection. . . . I stepped on the accelerator just a little bit, as far as I can remember. . . .

Appellant testified that in the past the pattern of the car's malfunction had been to hesitate before it would move. On this occasion, appellant did not know whether there had been any hesitation. He only remembered the acceleration, his back popping and waking up to a policeman by the car. His account of previous difficulties with the car did not indicate it had ever accelerated as quickly as it had this time, and although he said the condition had been getting worse he testified it had never moved at this speed before.

As to the proof of the defect itself appellant testified the car had had transmission problems intermittently from the time he bought it. The trouble was manifested in the car's hesitation before going into gear. He had taken it to the dealer on several occasions but he continued to have the same problem. The car was about four months old and had approximately 6,000 miles on it.

After the accident appellant had a mechanic completely disassemble the transmission to look for any defect. The mechanic testified as an expert for appellant. He found a plug out of place, but could not say whether it was out before the accident or had fallen out sometime afterward. He also found a black peppery substance in the transmission fluid. However, he could not say whether these defects would cause the car to behave as appellant described. The expert testified the problems he would expect these two conditions to create were hesitation and the car failing to move at all. The expert's testimony was inconclusive as to the existence of any defect and even tended to support the theory that the accident was due to driver error.

█ Even if we were to assume there was some defect, the evidence was insufficient to show that such a defect was the cause of the car's behavior on the day of the accident. Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Dan Cowling & Associates* v. *Clinton Board of Education*, 273 Ark. 214, 618 S.W.2d 158 (1981). The evidence presented in this case, even when viewed most favorably to appellant, does not go beyond conjecture or speculation nor raise a reasonable inference that the defect was the cause of the accident.

Appellant also argues error in the court's exclusion of certain

expert testimony by the mechanic who had disassembled the transmission. It is not necessary for us to decide the argument since we affirm the trial court in granting a motion for a directed verdict. In reviewing the expert's proffered testimony, although it might have included some additional evidence of the possibility of a defect, there was nothing more said by the expert to indicate that a defect was the more probable cause of the accident. See, *Norland* v. *Washington General Hospital*, 461 F.2d 694 (1972).

As to appellant's other points of error, we do not address them as they do not affect the sufficiency question and would only be of significance if the case were remanded for another trial.

Affirmed.

PURTLE, J., not participating.