Cecil Jean SHORT *v.* LITTLE ROCK DODGE, INC., and Chrysler Corporation

88-172 759 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*G. Randolph Satterfield*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee Chrysler Corp., and *Lovett Law Firm*, by: *Tom F. Lovett*, for appellee Little Rock Dodge.

DAVID NEWBERN, Justice. Susan Gale Short was killed when her car left the highway and overturned. Her mother, the appellant Cecil Jean Short, brought an action on her own behalf and as administratrix of Susan's estate against the appellees, Little Rock Dodge, Inc., and Chrysler Corporation, alleging negligence as well as strict liability for manufacture and sale of a defective product. A summary judgment was entered in favor of the defendants because, in response to the summary judgment motion, Mrs. Short was unable to produce evidence that a defect in the car or Little Rock Dodge's negligence in failing to repair it caused the accident. The ruling was correct and is affirmed.

When the summary judgment motion was made, the judge had before him depositions and responses to requests for admissions and interrogatories. Susan's father stated the car had been purchased used from Little Rock Dodge and had been returned for repair of an engine stalling problem. Other witnesses said the car had stalled while they were riding with Susan, and one said the car had stalled while she was riding with Susan just a few hours before the accident.

There were no eyewitnesses to the crash. Susan was driving alone. The car was traveling on a hilly and winding highway. It apparently went off on the right shoulder, crossed over the road, and turned over on the left side of the highway. A state policeman who was following Susan's car at a distance and who came upon the scene shortly after the crash stated he could not determine the cause. He had noticed Susan's car ahead of him going 40 to 60 miles per hour.

The statement of an experienced mechanic was that Chrysler Corporation had recalled cars of the same year and model as Susan's for replacement of a carburetor part to remedy

the stalling problem. However, no affidavit or other statement by any expert or other person to the effect that the stalling problem caused the accident was presented. Nor was proof offered which would have negated other possible causes of the accident. If there is proof of a defect, as there was here, the case might be allowed to go to a jury despite a failure to show by direct evidence that the injury was proximately caused by the defect. That would be so if there were evidence that other possible causes could not have been the cause of the injury. In *Higgins* v. *General Motors Corp.*, 287 Ark. 390, 699 S.W.2d 741 (1985), we affirmed the granting of a directed verdict because there was no such other evidence.

 It is proper to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). In *Celotex Corp.* v. *Catrett*, 477 U.S. 317 (1986), the Supreme Court interpreted F.R.C.P. 56, which is identical to our rule in every material respect, as permitting a summary judgment when a plaintiff cannot offer proof of a material element of the claim. We agree with the Supreme Court's rationale that when a party cannot present proof on an essential element of her claim there is no remaining genuine issue of material fact, and the party moving for a summary judgment is entitled to judgment as a matter of law.

Affirmed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. This case involves a summary judgment which requires us to determine whether the appellant's proof showed a genuine issue of material fact existed to support the appellant's claim that Susan Short's accident was proximately caused by a defect in the car she purchasd from the appellee. As the majority notes, proof revealed a defect and stalling problem. Johnny Burnett, Susan's friend, testified that Susan's car had previously stalled when he was in it, and Susan was unable to steer the car because of the loss of power steering. He said that he grabbed hold of the steering wheel, pulled the shift lever down into neutral, started the car and then went on. Burnett further related that Susan had trouble steering the car on

the occasions when her car died because she did not have a lot of strength.

If this cause was on appeal to review the correctness of the trial court's ruling in directing a verdict, I could certainly agree the evidence was insufficient to support the appellant's claim. I do, however, believe the proof was sufficient to show that Susan's car stalled numerous times as a result of a defect in the car and that she could not control the car when it stalled. This is enough, I think, to present a genuine issue of fact to indicate Susan's car could have stalled when driving on a hilly and winding road on the night of the accident and if it did, she was unable to bring the car under control because of its loss of the power steering.