# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3393

_____

Sherry Anderson,          *
         *
         Appellant,          *
         *    Appeal from the United States
         v.          *    District Court for the Eastern
         *    District of Arkansas.
Raymond Corporation,          *
         *
         Appellee.          *

_____

Submitted: March 14, 2003

Filed: August 13, 2003

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

After being injured while operating a stand-up power lift truck, Sherry Anderson (Anderson) sued Raymond Corporation (Raymond) in Arkansas state court for negligence and strict liability, alleging manufacturing and design defects, as well as failure to warn. Raymond removed the suit to federal court. The district court[1] struck the testimony of Anderson's expert, then denied Anderson's motion to reconsider the order. Anderson attempted to designate another expert, but the district

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

court struck the second expert's testimony as untimely designated. The district court also denied Anderson's motion for a continuance. Because Anderson's case required expert testimony to prevail, the district court granted summary judgment to Raymond. We affirm.

## I.     BACKGROUND

On August 1, 1996, Anderson was injured when she was ejected from a stand-up power lift truck (i.e., lift truck). In July 1999, Anderson brought a design defect product liability action against Raymond, asserting negligence, strict liability and failure to warn claims. Anderson designated Andrew LeCocq (LeCocq) as an expert witness. LeCocq opined Anderson did nothing wrong and the lift truck was defectively designed because (1) the lift truck had an open cockpit with no operator restraints, (2) the lift truck had no warnings regarding the potential hazards, and (3) the lift truck lacked a fail safe design. Raymond moved to strike this testimony. On June 14, 2002, the district court granted Raymond's motion to strike because LeCocq was not an expert in lift truck design, and his unreliable testimony would not assist the jury. Anderson filed a motion to reconsider, arguing the district court must hold a Rule 104(a) hearing before striking LeCocq's testimony. In the alternative, Anderson moved for a continuance to procure another expert. On July 15, the district court denied Anderson's motion to reconsider and dismissed the motion to continue as premature, noting the September 9 trial was two months away, and Anderson had time to obtain and designate a new expert. The court stated, "[i]f after a good faith effort, Plaintiff is unable to be ready for the September trial date, Plaintiff may renew her motion for continuance." The court set August 16 as the deadline for Raymond to object to Anderson's new expert.

On August 16, Raymond moved to strike any new expert because Anderson had not designated another expert. Anderson claims she told Raymond, in a telephone call on August 9, she had obtained a new expert, John Sevart (Sevart), but Sevart had not yet signed a retainer agreement or issued a report. Also on August 16,

Anderson moved to renew her motion for a continuance, seeking more time to prepare to disclose Sevart's opinions. Anderson attached a copy of Sevart's resume to her motion. On August 23, the district court ordered Anderson to file a statement setting out the date, manner and content of her disclosure of her newly proposed expert by August 28. On August 27, Anderson filed the requested statement and disclosure, which included Sevart's preliminary report and opinion. On August 29, Raymond renewed its motion to strike, claiming Anderson failed to disclose her expert until August 27, eleven days after the court's deadline for Raymond to object to Anderson's expert. On August 30, the court granted Raymond's renewed motion to strike the testimony of Sevart because Anderson's disclosure was untimely. The court also denied Anderson's motion to renew her motion for a continuance. On September 3, the court granted summary judgment to Raymond and dismissed the case with prejudice, concluding Anderson's case required expert testimony, quoting at length Dancy v. Hyster Co., 127 F.3d 649 (8th Cir. 1997). On September 20, the court granted Anderson's motion to reconsider, and after reconsideration, declared "this Court is confident it reached the correct decisions."

## II.   DISCUSSION

### A.   Motions to Strike Expert Testimony

"Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court, and these decisions will not be disturbed on appeal absent an abuse of that discretion." Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 296 (8th Cir. 1996). Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), district courts must act as gatekeepers to "insure that proffered expert testimony is both relevant and reliable." Dancy, 127 F.3d at 652.

#### 1.   LeCocq

Anderson argues the district court abused its discretion by striking LeCocq's testimony and by not holding a Rule 104(a) hearing. We disagree.

A strikingly similar case convinces us the district court did not abuse its discretion in striking LeCocq's testimony. In Dancy, the plaintiff, injured when a lift truck overturned, brought a product liability action against the lift manufacturer for negligence and strict liability. The manufacturer moved to strike the plaintiff's expert, who opined the lift truck should have had a protective guard. The expert had never designed a forklift, a lift truck or similar machine, had never tested his guard theory, had never seen this protective device on a lift truck or similar machine, and had never designed the device he recommended. The district court struck the expert's testimony. Concluding the district court properly questioned the expert's reliability and usefulness, we found no abuse of discretion. Id.

As the district court recognized here in its order striking LeCocq's testimony, LeCocq admitted he was not an expert in the design or engineering of stand-up lift trucks. In addition, LeCocq had never designed or consulted on a design of a stand-up lift truck, and had never designed a component part or a warning for a stand-up lift truck. Even though some engineering principles can be applied universally, LeCocq stated he had neither operated nor seen a stand-up lift truck before this case. Under Dancy, the district court did not abuse its discretion in deciding LeCocq was not qualified as an expert for Anderson's case and LeCocq's opinion was not sufficiently reliable to assist the jury in understanding the evidence. See also Peitzmeier, 97 F.3d at 297-98 (analogous case finding district court did not abuse its discretion in excluding expert's testimony).

Anderson also contends the district court was required to hold a hearing before striking LeCocq's testimony. The district court reviewed LeCocq's lengthy deposition before ruling LeCocq was not qualified as an expert. The failure to hold a hearing was not an abuse of discretion. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) ("The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or

other proceedings are needed to investigate reliability, as it enjoys when it decides *whether* that expert's relevant testimony is reliable.").

### 2. Sevart

Anderson contends Sevart is qualified to testify as an expert. The district court, however, did not reach Sevart's qualifications, but struck Sevart's testimony because Anderson disclosed Sevart late. As we discuss below in section C, the district court was reasonable in allowing Anderson time to procure another expert after LeCocq was stricken. The district court did not abuse its discretion in striking Sevart after Anderson failed to file the required statement and disclosure by August 16.

### B. Summary Judgment

We review the district court's grant of summary judgment de novo, applying the same standard the district court applied and viewing the evidence in the light most favorable to Anderson, giving her the benefit of all reasonable inferences that may be drawn from the evidence. Dancy, 127 F.3d at 652-53. Anderson argues summary judgment was improper, contending she does not need expert testimony to prove the lift truck was defective because the lift truck lacked an operator restraint system and proper warnings.

Because Dancy involved a lift truck's design under Arkansas product liability law, it applies with great force to our case. In Dancy, the district court granted summary judgment to the manufacturer after striking the testimony of the plaintiff's expert. Concluding expert testimony was required to proceed to trial on strict liability and negligence theories, we affirmed. Id. at 654-55. We recognized "Arkansas law does not require expert testimony in all product liability cases." Id. at 653. For instance, "proof of a specific defect is not required when common experience teaches the accident would not have occurred in the absence of a defect." Id. However, "the mere fact of an accident, standing alone, does not make out a case that the product is defective." Id.

Dancy did not contend the lift truck malfunctioned; instead, he claimed the lift truck was designed improperly because the lift truck had no safety device. In response, we noted "[l]ay jurors would tend to understand products that do not work; they are not likely to possess 'common understanding' about how products are designed." Id. Because Dancy had to prove a defect by showing a safer alternative design actually existed, we held he could not meet his burden without an expert. Id. at 654. Finally, Dancy failed to negate other causes for the accident. Based on Arkansas precedent, we concluded it was "obvious that the Arkansas Supreme Court would require expert testimony in this case." Id. Recognizing the strict liability analysis applied to the negligence claim, we also held expert testimony was needed for a jury to evaluate how an ordinary, prudent manufacturer would have acted. Id. We noted this "conclusion is buttressed by the lack of any evidence suggesting [the manufacturer's] lift trucks had a history of or propensity toward tipping over and causing injuries similar to those sustained by Dancy." Id. In Anderson's case, the district court concluded Dancy controls; so do we.

Anderson cites Harrell Motors, Inc. v. Flanery, 612 S.W.2d 727 (Ark. 1981), to support her argument she can prove the lift truck was defective without the aid of expert testimony. In Flanery, the plaintiff's new van, which had a history of jumping out of drive into neutral and out of park into reverse, jumped out of park into reverse while the plaintiff was unloading it, causing injury. Noting "proof of the specific defect is not required when common experience tells us that the accident would not have occurred in the absence of the defect," the Arkansas Supreme Court decided "[c]ommon experience tells us that if the vehicle had been operating properly it would have stayed in park." Id. at 729. As no obvious defect is present in our case, Flanery is inapposite. Instead, Dancy controls and dictates summary judgment for Raymond. See also Peitzmeier, 97 F.3d at 298 (holding that, without expert testimony, plaintiff's strict liability defective design, negligence, and failure to warn claims failed).

-6-

### C.    Motion for a Continuance

Anderson argues the district court abused its discretion in allowing Anderson to renew her motion for a continuance and then denying the motion without considering her reply or taking evidence.  It has long been established "a motion for continuance is subject to the broad discretion of the trial judge."  Anzaldo v. Croes, 478 F.2d 446, 450 (8th Cir. 1973).  Anderson's accident happened in August 1996, and she filed her case in July 1999.  In June 2002, Raymond moved to strike LeCocq's testimony.  At a minimum, Anderson had three years to procure a qualified and reliable expert.  Given Dancy and Peitzmeier, Anderson should have known LeCocq's testimony had a good chance of being stricken.  As for Sevart, the district court was not required to reopen discovery to give Anderson a second bite at the apple.  Nonetheless, the district court provided Anderson an opportunity to save her case by giving her a month–July 15 to August 16–to produce a new expert.  Anderson failed to do so in time.  The district court did not abuse its broad discretion in refusing to grant a continuance.

### D.    Motion to Reconsider

Anderson also contends the district court erred in denying her motion to reconsider its order striking LeCocq's testimony.  Because the district court did not abuse its discretion in striking LeCocq's testimony or in not holding a hearing, we find no abuse of discretion in denying Anderson's motion to reconsider.  See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) (abuse of discretion standard applies to motions for reconsideration which are nothing more than Rule 60(b) motions when directed at non-final orders).

## III.    CONCLUSION

For the foregoing reasons, we affirm the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.