# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1388

_____

Donald Shaffer,                   *

                            *

         Appellant,       *    Appeal from the United States

                            *    District Court for the Eastern

   v.                        *    District of Missouri.

                            *

Amada America, Inc.,        *        [UNPUBLISHED]

                            *

         Appellee.        *

_____

Submitted:   September 10, 2003

Filed:   September 18, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Donald Shaffer, a service engineer for Amada Engineering and Service, Inc., crushed his fingers while repairing a press brake machine, which bends metal. Shaffer brought this diversity action against Amada America, Inc. (Amada), the press brake's seller, alleging the press brake was defectively designed. To prove defective design, Shaffer proffered the testimony of Farid Amirouche, a doctor of mechanical engineering. The district court[*] granted Amada's motion in limine to exclude Dr.

_____

[*]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Amirouche's testimony under Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993). Without expert testimony to prove the press brake was defective, the district court granted summary judgment to Amada. Shaffer appeals asserting the district court should not have excluded Dr. Amirouche's testimony.

We review the exclusion of expert testimony for abuse of discretion. <u>Jaurequi v. Carter Mfg. Co.</u>, 173 F.3d 1076, 1081 (8th Cir. 1999). Expert testimony is generally admissible when it is reliable and relevant. <u>Id.</u>; Fed. R. Evid. 702. District courts have considerable latitude in deciding whether expert testimony meets this standard, and in doing so, may consider one or all <u>Daubert</u> factors. 509 U.S. at 593-94; <u>see</u> <u>Jaurequi</u>, 173 F.3d at 1082. The polestar is the scientific validity of the principles underlying the expert's opinions. <u>Jaurequi</u>, 173 F.3d at 1082.

Dr. Armirouche would have testified the press brake's treadle bar is dangerous and unreliable, a foot electric/pneumatic switch should be used, and the press brake should have built-in safety guards of a mechanical/sensory nature to prevent accidents from occurring. Dr. Amirouche based his opinions on his experience as professor and researcher in the area of mechanical engineering design and biomechanics for over twenty years. He relied on Shaffer's statement about the accident, an OSHA press release about reducing power press injuries, Safety Lines information on brake presses, Amada operating manuals, medical records, hand photographs, pictures of the press brake, video of the press brake, the Amada Engineering Elector pneumatic foot switch, and publications about injuries resulting from fingers being crushed by a press brake. The district court concluded Dr. Amirouche's testimony was unreliable, however, because the testimony was not based on sufficient facts and data, Dr. Amirouche had not designed or tested the devices he claimed would have prevented the accident, there was no peer review of his theories, and there was no evidence of the general acceptance of his abstract theory that certain devices could have prevented the accident. <u>See</u> <u>Daubert</u>, 509 U.S. at 593-94.

The district court did not abuse its discretion in excluding Amirouche's testimony. The record shows Amirouche has no experience with press brake designs, he has been a full-time professor since 1984, and he has never designed a press brake, a press brake guard, or an electro-pneumatic foot switch for a press brake. Although Amirouche identified a switch that could be used on a press brake, the switch could not be used on the press brake at issue and was never used on any press brake. Further, Amirouche has never tested press brakes or published any articles or research about press brakes. Indeed, Amirouche could not identify any code or standard applying to the design, manufacture, service, or operation of press brakes. Shaffer's industrial safety expert proffered testimony identifying the applicable design standard, but admitting the press brake at issue met the standard's requirements. Given Dr. Amirouche's lack of design experience or expertise involving press brakes, the district court properly precluded Dr. Amirouche from testifying that the press brake was defectively designed. See Anderson v. Raymond Corp., No. 02-3393, 2003 WL 21919577, at * 2 (8th Cir. Aug. 13, 2003); Oglesby v. General Motors Corp., 190 F.3d 244, 250-51 (4th Cir. 1999); Ancho v. Pentek Corp., 157 F.3d 512, 518 (7th Cir. 1998).

Shaffer also contends that even if the district court did not abuse its discretion in excluding Dr. Amirouche's opinions, the district court committed error in granting summary judgment to Amada because Missouri law holds the failure to guard may be a design defect. Although a press without proper guarding may be unreasonably dangerous, Murphy v. L & J Press Corp., 558 F.2d 407, 411 (8th Cir. 1977), Shaffer still had the burden to prove the press design was unreasonably dangerous, Pree v. Brunswick Corp., 983 F.2d 863, 865 (8th Cir. 1993). To do so, Shaffer must show there is a safer, alternative, operable design for the press brake that injured him. Dancy v. Hyster Co., 127 F.3d 649, 653-54 (8th Cir. 1997). Shaffer cannot make this showing without expert testimony. Id. Having properly excluded the testimony of Shaffer's only design expert, the district court properly granted summary judgment to Amada.

We thus affirm the district court.

_____