# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4175

_____

Donald Martin; Rachel Martin,          *
                                       *
       Plaintiffs - Appellants,        *
                                       *
       v.                              *
                                       *
E-Z Mart Stores, Inc.; Halpern Import  *
Company; New York Lighter              *
Corporation,                           *
                                       *
       Defendants - Appellees.         *  Appeal from the United States
---------------------------------------------- *  District Court for the Western
                                       *  District of Arkansas.
E-Z Mart Stores, Inc.,                 *
                                       *
       Third Party Plaintiff,          *
                                       *
       v.                              *
                                       *
New York Lighter Corporation;          *
Halpern Import Company,                *
                                       *
       Third Party Defendants.         *

_____

Submitted:  May 15, 2006
    Filed:  September 27, 2006

_____

Before MURPHY,  JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Donald and Rachel Martin appeal the district court's[1] grant of summary judgment to New York Lighter Corp., Halpern Import Company, and E-Z Mart stores Inc. Donald Martin purchased two cigarette lighters at an E-Z Mart Store, one distributed by New York Lighter, and the other by Halpern Import Company. He had both lighters in his shirt pocket. When he removed the one, lit a cigarette with it, and returned it to his shirt pocket, the shirt caught fire. The Martins sued, alleging that the lighter used by Martin was defective. The district court held that the Martins could not prove which of the two lighters Martin was using before the shirt caught fire, and therefore could not prove the proximate cause of his injuries, and further that the Martins could not offer evidence that either lighter was defective and unreasonably dangerous. We affirm the orders granting defendants summary judgment.

I.

Donald Martin purchased two disposable butane cigarette lighters from an E-Z Mart Store. On April 5, 2002, Martin took one of the two lighters from the shirt pocket where he kept them and lit a cigarette. After watching the flame disappear, he placed the lighter back in his pocket. A few seconds after placing the lighter back in his shirt pocket, Rachel Martin informed her husband that smoke was coming from his shirt. His shirt then quickly caught fire, resulting in burns to Martin. Martin testified that he could not recall which of the two lighters he used to light the cigarette. The Martins' expert witness, John Nelson, testified that the lighter Martin used to light his cigarette failed to extinguish after he released the trigger and a small residual flame that Martin was unable to see caused the shirt to catch fire. He also stated that the lighter most likely failed to extinguish because of foreign material in the valve/seal mechanism.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

In their complaint, Donald Martin brought product liability claims against each of the defendants, and his wife sought relief for loss of consortium. The defendants moved for summary judgment, and the district court granted the motions. The Martins filed a motion for a new trial, which the district court treated as a motion to reconsider and denied.

The district court stated in its ruling on the motion for summary judgment that Martin "testified unequivocally that he did not know which of the two lighters he used to light his cigarette just before he caught on fire." The district court observed that the best that could be said of this evidence is that it established a 50-50 chance that the fire was started by a particular lighter and this did not qualify as preponderance of the evidence. The court quoted an Arkansas jury instruction which directs jurors, "upon any issue in the case the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it."

The district court also stated that even if the Martins were able to identify the particular lighter that was used, their proof would fail on the issue of product defect. The Martins relied on their expert witness, John Nelson, on this issue. Nelson testified that the failure of the flame on the lighter to extinguish after Martin lit the cigarette was the cause of the fire. Nelson could not state with certainty, however, whether any such failure to extinguish was caused by a design defect or a manufacturing defect. Nelson also acknowledged that both lighters carry warnings of the necessity of confirming that the flame is out before putting the lighter away. Because the Martins could not prove that either lighter was defective, the district court also granted E-Z Mart's motion for summary judgment.

The Martins filed a motion for a new trial following the summary judgment, arguing that material facts were in dispute and that summary judgment had been improperly granted. The district court denied the motion.

The Martins offer two arguments on appeal. First, they argue that the evidence, when viewed in the light most favorable to them, shows that there were genuine issues of material fact regarding which lighter caused Donald Martin's injuries, and whether either lighter was supplied in a defective condition which rendered it unreasonably dangerous. Second, they argue that when viewed in a light most favorable to them, the evidence establishes that common experience shows that the accident could not have occurred in the absence of a defect.

## II.

We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. We review the district court's interpretation of Arkansas law de novo. Riordan v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, 416 F.3d 825, 829 (8th Cir. 2005).

## III.

The Martins allege in their amended complaint that all three defendants in question were suppliers of the allegedly defective lighter. They assert the same claims against each defendant: defective product, breach of duty of care, and inadequate warning. We therefore apply the same state law rules to all three defendants. In a product liability case, the plaintiff must be able to prove "that the product in question was in a defective condition at the time it left the hands of the particular seller." Campbell Soup Co. v. Gates, 889 S.W.2d 750, 753 (Ark. 1994). Under Arkansas statutory law, a supplier may be subject to liability if "the product was supplied by [the supplier] in a defective condition which rendered it unreasonably dangerous." Ark. Code Ann. § 4-86-102(a)(2) (1987).

The Martins argue that they presented evidence of product defect. Their expert testified that the lighters showed no signs of tampering or abuse and opined that the cause of the fire was the lighter's failure to extinguish. These two facts, however, taken alone are insufficient to support a claim of product liability. The Martins must also demonstrate that the reason the lighter failed to extinguish is because there was an actual defect in the lighter when it was purchased, rendering it unreasonably dangerous to use. On that point, the Martins presented no evidence. Their expert witness, John Nelson, acknowledged during testimony that he could not "testify that there is a design defect as for either of the two lighters involved in this lawsuit." He later acknowledged that he could not "testify that the lighter in question in this case was defective at the time of the manufacture." As a matter of law, therefore, the district court correctly held that even if the Martins "were able to identify the particular lighter that was used, their proof would fail on the issue of product defect."

IV.

The Martins also argue that the district court did not consider that in some instances of product liability, "proof of the specific defect is not required when common experience tells us that the accident would not have occurred in the absence of a defect." Harrell Motors, Inc. v. Flanery, 612 S.W.2d 727, 729 (Ark. 1981). While proof of the specific defect may not be required, "[t]he mere fact of an accident, standing alone, . . . does not make out a case that the product was defective." Id. (quoting William L. Prosser, The Law of Torts § 102 at 672-73 (4th ed. 1971)). Instead, the plaintiff would have to demonstrate "other facts tending to show that the defect existed before the accident, such as its occurrence within a short time after the sale, or proof of the malfunction of a part for which the manufacturer alone could be responsible." Id. The Martins have offered no such evidence.

In the absence of direct proof that the product is defective because of a manufacturing flaw, the plaintiff must also "negate the other possible causes of failure

of the product for which the defendant would not be responsible in order to raise a reasonable inference that the dangerous condition existed while the product was still in the control of the defendant." Campbell Soup Co., 889 S.W.2d at 753. The Martins offered no evidence that could eliminate potential causes other than a design or manufacturing defect. The Martins' expert witness testified at length about the physical condition of the lighters and stated that foreign material most likely prevented the lighter from extinguishing. However, he expressly denied having an opinion that the presence of foreign material constituted either a design or manufacturing defect. His expert testimony failed to answer the basic question of whether the accident occurred because of a potential defect in the lighter, or because of something like wear and tear or misuse, which is important because Martin had used the lighters extensively for several weeks before the accident. Considering the lack of such evidence, we cannot determine that the lighter Martin used must have been defective at the time it left the defendants' control.

With no evidence supporting the negation of other causes such as wear and tear or misuse, the Martins have not made a case for the trier of facts. We are unable to infer from the circumstances that the cause of the accident was a defective lighter. See Crawford v. Sears Roebuck & Co., 295 F.3d 884, 886 (8th Cir. 2002); Higgins v. General Motors Corp., 699 S.W.2d 741, 743 (Ark. 1985); Mixon v. Chrysler Corp., 663 S.W.2d 713 (Ark. 1984). As it is, the evidence presented by the Martins does not "induce the mind to pass beyond conjecture as to liability for a defect." Yielding v. Chrysler Motor Co., Inc., 783 S.W.2d 353, 356 (Ark. 1990).

The Martins take the position that their expert presented evidence for why "each lighter could have been the lighter that failed to extinguish." From that, they argue that the jury should have been able to weigh the evidence to "determine which lighter is more likely than not the lighter with the failure to extinguish defect." However, the Martins cannot overcome their failure of proof that either lighter was

defective, and thus the question of which lighter caused the accident is not material and need not be addressed here.

For the foregoing reasons, we affirm the district court's judgment.

_____