# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2192

_____

Joel Douglas Ruminer,    *

   *

     Plaintiff - Appellant,    *

   *

     v.    * Appeal from the United States

   * District Court for the Eastern

General Motors Corporation,    * District of Arkansas.

   *

     Defendant - Appellee,    *

   *

GMC Truck, a Division of General    *

Motors Corporation,    *

   *

     Defendant.    *

_____

Submitted: November 15, 2006
Filed: April 19, 2007

_____

Before GRUENDER, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Joel Douglas Ruminer appeals the district court's[1] grant of summary judgment to General Motors Corporation in his product liability suit. Ruminer alleges that injuries he sustained when he struck a tree while driving his 2001 Chevrolet Suburban

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

were a result of defects in the air bag and seat belt and that General Motors is strictly liable for his injuries. On appeal, Ruminer argues that the district court erred by (1) requiring Ruminer to offer evidence of a specific design or manufacturing defect and (2) granting summary judgment in the face of circumstantial evidence of a design or manufacturing defect where the burden of proof should have rested with General Motors. We affirm the judgment of the district court.

I.

Since this case is before us on summary judgment, we recite the facts in the light most favorable to Ruminer, the non-moving party. See Reimer v. City of Crookston, 326 F.3d 957, 959 (8th Cir. 2003). Ruminer was involved in a single vehicle accident on March 28, 2002, when he lost control of his 2001 Chevrolet Suburban on Interstate 40 in Tennessee. After leaving the highway, Ruminer's Suburban traveled approximately 150 feet on a grassy shoulder before passing through a drainage ditch. The Suburban then went through a barbed wire fence, hit an earthen embankment, and traveled 47 feet up the embankment before striking a tree approximately 267 feet after leaving the roadway. The accident resulted in severe injuries to Ruminer. Individuals at the accident scene testified that they found Ruminer wearing his seat belt in the car and that the air bag system had not deployed upon impact.

Ruminer filed suit against General Motors alleging negligence, strict liability, and breach of warranty because of failures associated with both the seat belt and the air bag system. Ruminer presented testimony of a biomechanics expert, Dr. Martha Bidez, who opined that the cause of the seat belt's failure to restrain Ruminer was either a design or a manufacturing defect. Dr. Bidez based her opinion regarding the presence of a defect on the seat belt's apparent failure to lock and Ruminer's subsequent injuries. She identified twelve possible failure modes as the cause of the lock-up failure, but she was unable to specify which one of the defects caused the seat

belt to fail. Ruminer provided no evidence to support a finding that the air bag system's failure to deploy resulted from a design or manufacturing defect.

General Motors moved for summary judgment. The district court granted the motion in part with regard to Ruminer's claim that the air bag system was defective. The district court took under advisement the portion of General Motors' motion that addressed Ruminer's seat belt claim and ordered further submissions by the parties. Following further supplementation of the record, the district court granted summary judgment with regard to Ruminer's remaining claims and granted General Motors' motion to exclude Dr. Bidez's expert testimony regarding an alleged defect in the seat belt restraint system. Ruminer moved for reconsideration of the summary judgment orders, which the district court denied. Ruminer appeals the district court's entry of summary judgment.

## II.

We review a grant of summary judgment de novo and will affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Martin v. E-Z Mart Stores, Inc., 464 F.3d 827, 829 (8th Cir. 2006). We review the district court's interpretation of Arkansas law de novo. Id. For the purposes of applying Arkansas law in this diversity jurisdiction case, we are bound by the decisions of the Arkansas Supreme Court. David v. Tanksley, 218 F.3d 928, 930 (8th Cir. 2000).

Ruminer argues that the district court erred in concluding that Ruminer needed to demonstrate the specific defect in the Suburban's occupant protection system in order to prevail on his claim of strict liability.[2] In order to succeed on a strict liability

---

[2]On appeal, Ruminer discusses only his strict liability claim. He does not address the district court's grant of summary judgment as to his claims of negligence and breach of warranty. We therefore do not review those issues. See Lockley v.

claim against a supplier under Arkansas law, a plaintiff must establish the following:

>   (a)(1) The supplier is engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the product;
>   (2) The product was supplied by him or her in a defective condition which rendered it unreasonably dangerous; and
>   (3) The defective condition was a proximate cause of the harm to person or to property.

Ark. Code Ann. § 4-86-102. Arkansas law defines "unreasonably dangerous" to mean dangerous "to an extent beyond that which would be contemplated by the ordinary and reasonable buyer, consumer, or user who acquires or uses the product. . . ." Ark. Code Ann. § 16-116-102(7)(A). Ruminer contends that on the basis of these statutes, all that is required of a plaintiff in a strict liability suit is a demonstration that the product failed to perform "as a reasonable consumer would expect." He asserts that he has no obligation to prove a specific defect in the occupant protection system. In his view, because the Suburban's occupant protection system failed to prevent injuries, one can infer that the system was unreasonably dangerous and General Motors should be held liable.

Ruminer's articulation of Arkansas law is incomplete. Ruminer omits the requirement of causation, which places on him the burden of proving that the product was unreasonably dangerous because of a design or manufacturing defect for which General Motors is responsible. The Arkansas Supreme Court has explained that for strict liability cases, "[w]hile proof of negligence is no longer necessary, proof of the specific defect is normally required." Harrell Motors, Inc. v. Flanery, 612 S.W.2d 727, 729 (Ark. 1981). Arkansas law also requires plaintiffs to "prove that the product in question was in a defective condition at the time it left the hands of the particular seller." Campbell Soup Co. v. Gates, 889 S.W.2d 750, 753 (Ark. 1994). A product's

_____

Deere & Co., 933 F.2d 1378, 1386 (8th Cir. 1991) (issues not raised on appeal are deemed abandoned).

failure to perform as expected is not a sufficient condition for holding a manufacturer liable under a theory of strict liability.

In this case, Ruminer offered scant evidence. Dr. Bidez refused to offer an opinion concerning the exact cause of the seat belt's failure to restrain Ruminer. She also refused to specify what defect may have caused the air bag system's failure to deploy, and she admitted that the air bag was "not required to fire" at the speed Ruminer was traveling. Ruminer offered no evidence regarding the existence of a specific defect in the occupant protection system. We are thus left to speculate as to whether the occupant protection system was defective at the time it left the control of General Motors. We therefore conclude that the district court did not err in holding that Ruminer failed to submit proof concerning a specific defect.

### III.

Ruminer next argues that the district court erred in failing to recognize that the circumstances surrounding the accident permit the conclusion that General Motors is responsible for the injuries sustained by Ruminer. While proof of a specific defect is normally required in strict liability cases, Arkansas law provides that "the plaintiff is not required to prove a specific defect when common experience tells us that the accident would not have occurred in the absence of a defect." Williams v. Smart Chevrolet Co., 730 S.W.2d 479, 482 (Ark. 1987). "In such a situation, there is an inference the product is defective, and it is up to the manufacturer to go forward with the evidence." Flanery, 612 S.W.2d at 729. Ruminer argues that the district court erred by placing the burden of eliminating other potential causes of the system failure upon Ruminer instead of General Motors.

The premise of Ruminer's argument is flawed. The Arkansas Supreme Court has stated that in order to demonstrate liability on the basis of circumstantial evidence, the plaintiff must "negate the other possible causes of failure of the product for which

-5-

the defendant would not be responsible in order to raise a reasonable inference that the dangerous condition existed while the product was still in the control of the defendant." Campbell Soup, 889 S.W.2d at 753. This does not mean that the plaintiff must "prove his case beyond a reasonable doubt . . . [I]t is enough that he makes out a preponderance of probability. . . ." Williams, 730 S.W.2d at 482 (internal citations omitted). In order to place the burden of disproving other potential causes of the accident upon General Motors, Ruminer must first establish that this is the type of case where an accident would not have occurred absent a defect and that the circumstances support an inference of liability for General Motors.

There are several reasons, however, for concluding that Ruminer failed to demonstrate liability on the basis of circumstantial evidence. First, as the district court noted, the intricacies of occupant protection systems and their potential design or manufacturing defects are outside the realm of a juror's everyday experience. In other words, common experience does not dictate that if an individual is injured in a car accident, the injury is most likely a result of a defect in the automobile's occupant protection system. Second, there are other potential explanations for Ruminer's injuries other than a defect for which General Motors would be responsible. Ruminer could have worn his seat belt improperly. The seat belt could have failed because of wear and tear or some other condition arising after the vehicle left the control of General Motors.

We recognize that "[t]he mere fact of an accident, standing alone, does not make out a case that the product is defective, but the addition of other facts tending to show the defect existed before the accident, may be sufficient." Higgins v. General Motors Corp., 699 S.W.2d 741, 743 (Ark. 1985). Upon review of the record, we are unable to find any evidence offered by Ruminer that would tend to show the existence of a preexisting defect. Dr. Bidez was asked repeatedly for the basis of her opinion that the occupant protection system suffered from a design or manufacturing defect. She insisted that there was no need for her to point to a specific manufacturing or

design defect, nor could she do so. Ruminer's claim must therefore fail. The fact that Ruminer suffered injuries in an automobile accident does not "induce the mind to pass beyond conjecture as to liability for a defect." <u>Yielding v. Chrysler Motor Co. Inc.</u>, 783 S.W.2d 353, 356 (Ark. 1990). The district court therefore did not err in requiring Ruminer to negate other potential causes for the injuries sustained in the accident and summary judgment was properly entered.[3]

IV.

The grant of summary judgment by the district court is affirmed.

_____

---

[3]Having concluded that Ruminer's claim must fail as a matter of law on the question of liability, we have no need to address his argument that the district court erred in limiting Dr. Bidez's expert testimony.