# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1171

_____

Selena Capers, also known as Jane Doe, No. 49

*Plaintiff - Appellant*

v.

National Railroad Passenger Corporation, a Congressionally Incorporated
Corporation, also known as Amtrak

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 21, 2016
Filed: December 23, 2016
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Selena Capers appeals the dismissal of her common carrier strict liability claim against the National Railroad Passenger Corporation ("Amtrak"). For the reasons discussed below, we affirm the dismissal on alternative grounds.

This case derives from Capers's allegation that she was sexually assaulted by an Amtrak porter while aboard a Texas Eagle-line train. Nearly three years after the incident, Capers brought a two-count complaint against Amtrak under the pseudonym "Jane Doe No. 49" for common carrier strict liability and negligence, but she neglected to seek leave from the district court[1] to proceed anonymously. In response to Amtrak's motion to dismiss, but after the applicable three-year statute of limitations had expired, Capers attempted to cure this defect by filing an amended complaint that reflected her true identity. The district court allowed this new pleading to relate back under Federal Rule of Civil Procedure 15(c), thus preserving her claims. However, the court simultaneously granted dismissal as to the common carrier strict liability count for failure to state a claim, concluding that Arkansas law no longer recognized this cause of action and, alternatively, that the state's one-year statute of limitations for assault barred recovery based on *respondeat superior* doctrine. After conducting discovery, the district court also granted Amtrak's motion for summary judgment as to the remaining negligence count.

On appeal, Capers contests only the dismissal of her common carrier strict liability claim, arguing that this cause of action remains viable under Arkansas law. Meanwhile, Amtrak insists that the district court properly concluded that Arkansas abandoned this cause of action. Alternatively, Amtrak maintains that Capers's claim was time barred based on her failure to comply with Rule 10(a)'s requirement that a complaint identify all parties before the expiration of the three-year general-tort limitations period.[2] *See* Ark. Code Ann. § 16-56-105(3). We affirm the dismissal of

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]Amtrak now concedes that the one-year statute of limitations for assault does not apply to common carrier strict liability claims. *See St. Louis, Iron Mountain & S. Ry. Co. v. Mynott*, 102 S.W. 380, 381 (Ark. 1907).

Capers's common carrier strict liability claim on this alternative ground. *See McAdams v. McCord*, 584 F.3d 1111, 1113-14 (8th Cir. 2009) (citation omitted).

As an initial matter, we note that, while Capers argues that her pseudonymous complaint initiated a valid action as to Jane Doe No. 49, she nowhere suggests that it also commenced a valid action as to herself. Accordingly, we decline to consider any other potential implications of her failure to comply with the Rule 10(a) mandate to name all parties or the alternate requirement to request permission to proceed under a pseudonym. *See* Fed. R. Civ. P. 10(a) ("[T]he title of the complaint must name all the parties . . . ."); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("Proceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure. . . . Nevertheless, in certain limited circumstances, courts do allow a party to proceed under a pseudonym. . . . When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so.") (internal citations and quotations omitted).[3] Instead, we focus on the two theories Capers advances to preserve her claim: (1) that her amended complaint relates back to the original filing under Rule 15; and (2) that Rule 17 allows us to

---

[3]In its brief in support of the motion to dismiss, Amtrak invoked jurisdictional defenses under 12(b)(1) and 12(b)(2)—for lack of subject matter jurisdiction and personal jurisdiction, respectively. On appeal, however, Amtrak omits reference to these two subsections of Rule 12, instead arguing more broadly that, when a plaintiff fails to seek leave to proceed pseudonymously, "no action is commenced, and the district court lacks jurisdiction over the unnamed plaintiff." *See Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam). Given this revision, we read Amtrak's alternative basis for affirming as a statute of limitations argument for dismissal under 12(b)(6), and accordingly, we construe "jurisdiction" to mean that Capers was not "before the court" for limitations purposes. Thus, we are not compelled to weigh in on the jurisdictional implications of Rule 10(a) because, to the extent that Capers's failure to seek leave to proceed anonymously impacted the district court's jurisdiction, it did not affect subject matter jurisdiction, and Amtrak waived any personal jurisdiction defense by not renewing it on appeal. *See* Fed. R. Civ. P. 12(h); *Ruminer v. Gen. Motors Corp.*, 483 F.3d 561, 563 n.2 (8th Cir. 2007).

substitute her for "Jane Doe No. 49" as if she had brought the action in her own name. We review both issues *de novo*, as they concern legal interpretations of the rules of civil procedure. *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 (8th Cir. 1998).

Capers primarily looks to Federal Rule of Civil Procedure 15 as a means of preserving her common carrier strict liability claim. She first asserts entitlement to amend her pseudonymous complaint under Rule 15(a)(1)(B), which allows plaintiffs to amend pleadings once as a matter of course within twenty-one days of the filing of an answer or a 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). As her amendment came after the three-year statute of limitations had expired, Capers further relies on relation back under Rule 15(c)(1)(C) to save her claim. However, Arkansas Rule 15 applies in this case and precludes the relation back of Capers's amended pleading.

The parties agree that Arkansas law governs all substantive issues related to this action—and rightly so. *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 759 (7th Cir. 2003) (explaining that the *Erie* doctrine "extends beyond diversity actions to cover federal question jurisdiction cases in which there is a state law cause of action"). Although we generally apply federal law on "procedural" matters like amendability, *see Jones ex rel Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005), we defer to state law as to considerations that form "an integral part of the state statute of limitations," at least "in the absence of a federal rule directly on point," *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980). Applying this analysis to the case at hand, we first note that Federal Rules are not sufficiently broad to control Capers's relation-back argument. Federal Rule 15(c) indicates no intention of allowing for the relation back of pseudonymous complaints, and Capers cites no federal precedent applying Rule 15(c) to such pleadings, even in the absence of *Erie* concerns. Second, at least in the present context, relation-back doctrine constitutes an integral part of the state statute of limitations, as the Arkansas Supreme Court repeatedly has held that, "where an action is brought in the name of a non-existing plaintiff, [a Rule 15] amendment of complaint by substituting the proper party to the

action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations." *Bryant v. Hendrix*, 289 S.W.3d 402, 406 (Ark. 2008) (quoting *Ark-Homa Foods, Inc. v. Ward*, 473 S.W.2d 910, 911 (1971)).   Based on this precedent and the absence of a "direct collision" with the Federal Rules, *see Walker*, 446 U.S. at 749 (citation omitted), we find that Arkansas Rule 15 controls, thus precluding relation back.  Alternatively, even if the direct-conflict analysis of *Hanna v. Plumer*, 380 U.S. 460 (1965), required us to apply Federal Rule 15, there would be no valid action to which Capers's amended complaint could relate back.  Under Federal Rule 10(a), she failed to initiate a valid action at least until she sought to amend her complaint, by which time the statute of limitations had run, as she was not properly before the court until then, if at all.[4]  *See Gibbs*, 886 F.2d at 1245 ("Absent permission by the district court to proceed anonymously . . . a case has not been commenced with respect to [unnamed parties].").  Thus, even under federal law, Capers's Rule 15 argument fails.

As an alternative basis for preserving her claim, Capers suggests that Federal Rule 17(a) "allows the real parties in interest to be substituted in the action, which [like Rule 15] relates back to the original complaint."  This argument is based on a misapprehension of the term "real party in interest" and cannot preserve her claim.

In relevant part, Federal Rule 17(a) prohibits courts from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify,

---

[4]We look to federal law for this alternative analysis because Arkansas has not ruled on the consequences of a plaintiff's failure to seek leave to proceed pseudonymously, and the state supreme court would likely follow federal precedent were this issue before it—especially given that Arkansas Rule 10 tracks its federal counterpart. *See Doe v. Weiss*, 2010 Ark. 150, at 3 (2010) (affirming the denial of a request to proceed anonymously under Rule 10, as well as the grant of a related 12(b)(6) motion to dismiss, based exclusively on federal case law).

-5-

join, or be substituted into the action."[5] Fed. R. Civ. P. 17(a)(3). Capers cites a lone district court order from *EW v. N.Y. Blood Center* that extends Rule 17 to pseudonymous complaints. 213 F.R.D. 108, 109-10 (E.D.N.Y. 2003) (dismissing defendant's jurisdictional argument as "obviously wrong" based on Rule 17(a) substitution). Beyond the fact that *EW* involved no statute of limitations defense, we disagree with Capers's understanding of "real party in interest." This misinterpretation becomes clear after considering the meaning of "nominal party":

> One suing or defending for the use and benefit of another. A person who is the plaintiff in an action, but who is not the real party in interest. One joined as a party to comply with a technical rule of practice, not because he has an interest in the subject matter of the action.

*Nominal Party*, Ballentine's Law Dictionary (3d ed. 2010); *see also Party (2)*, Black's Law Dictionary (10th ed. 2014) ("A party to an action who has no control over it and no financial interest in its outcome . . . ."). With this definition in mind, it is clear that Rule 17(a) operates to allow for the "ratification, joinder, or substitution" of a real party in cases filed under the name of a nominal party. Indeed, a brief glance at the 1966 Amendment to Rule 17(a) reveals that, "[i]n its origin, the rule concerning the real party in interest . . . was designed to allow an assignee to sue in his own name." Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment (cautioning that this provision "should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.").

---

[5]Our analysis of Capers's substitution argument follows federal law, as "Arkansas's Rule 17 is virtually identical to the federal rule." *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead Cty.*, 73 S.W.3d 584, 593 (Ark. 2002) (Imber, J., concurring) (denying substitution based on the lack of an "understandable mistake" in the initial pleading); *see also* Ark. R. Civ. P. 17 reporter's note 1 ("[Arkansas] Rule 17 is a slightly modified version of FRCP 17."). Further, there is no Arkansas precedent indicating a different meaning of "real party in interest" under the state version of Rule 17, unlike the Rule 15 inquiry above.

Here, "Jane Doe No. 49" is not a separate person from Selena Capers and thus cannot be deemed a nominal party. Rather, this pseudonym was a legal fiction employed to protect her privacy. Thus, substitution cannot operate to save her claim any more than relation-back doctrine. Further, even if Rule 17(a) did apply, Capers's position ultimately fails for the same reason as her Rule 15(c) argument; there was no valid action in which to substitute her as a party. *See Gibbs*, 886 F.2d at 1245.

Accordingly, because Capers filed her amended complaint after the three-year statute of limitations expired and because neither Rule 15(c) nor Rule 17(a) apply to preserve her common carrier strict liability claim, we affirm dismissal.[6]

_____

[6]Given that Capers's common carrier strict liability claim was time barred, we need not consider whether this cause of action remains viable under Arkansas law.